HARRAN, Respondent, vs. HARRAN, Appellant.

*May 4 — May 23, 1893.*

*Divorce: Division of property: Discretion.*

In an action for divorce on the ground of cruel and inhuman treatment it appeared that the defendant husband had a homestead worth $1,800, furniture and household effects worth $850, and money and other personal property worth $925; that he was a strong, energetic man, capable of earning in his business at least $1,000 per year over his expenses; and that the plaintiff had $780 in money, but was not capable of doing anything which would bring her any considerable income. The judgment dividing the property gave to plaintiff ·the homestead and the furniture and household effects, besides the taxable costs of the action and $100 solicitors' fees. *Held*, not an improper exercise of the discretion of the trial court.

APPEAL from the Circuit Court for *Kewaunee* County. The facts are stated in 'the opinion.

For the appellant there was a brief by *Ellis & Merrill*, attorneys, and *T. R. ·Hudd*, of counsel, and oral argument by *E. H. Ellis*. To the point that the award was excessive, they cited *Williams v. Williams*, 29 Wis. 517, 525; *Moul v. Moul*, 30 id. 205; 2 Bishop, Mar., Div. & Sep. secs. 963, 1013, 1027, 1042; *Williams v. Williams*, 36 Wis. 367; *Thomas v. Thomas*, 41 id. 229; *Coad v. Coad*, 40 id. 392.

For the respondent there was a brief by *Wigman & Martin*, and oral argument by *J. H. M. Wigman*. They cited *Eidenmuller v. Eidenmuller*, 37 Cal. 364–366; *Campbell v. Campbell*, 37 Wis. 206–17; *Muse v. Muse*, 84 N. C. 35–7; *Webster v. Webster*, 64 Wis. 441; *Donovan v. Donovan*, 20 id. 586; *Williams v. Williams*, 36 id. 368; *Way v. Way*, 67 id. 662; *Pauly v. Pauly*, 69 id. 419.

LYON, C. J. This is an appeal by defendant from a judgment of divorce on the ground of cruel and inhuman treat-

Harran vs. Harran.

ment, and for a division between the parties of the estate of the husband.

The testimony, although conflicting, is sufficient to sustain the finding that the defendant is guilty of the cruel and inhuman treatment of plaintiff charged in her complaint, which is sufficient, if true, to support the judgment; hence the judgment granting the divorce cannot properly be disturbed.

The principal controversy relates to the division of the husband's estate. The court found on sufficient evidence that defendant owned a homestead at Green Bay, of the value of $1,800; furniture and household effects, including a piano, of the value of $850; and money and other personal property of the value, above his indebtedness, of $925. Also that he is a strong, able, and energetic man, capable of earning in his business at least $1,000 per annum over and above his expenses. The court further found that the plaintiff had $780 in money, and a note for $300, " which may or may not be good," and that she is able to perform housework and take care of her home, but is unfitted for other work and is not capable at her age (which is about fifty years) of engaging in any work or business which will bring her any considerable income.

Based upon the above findings, the court awarded the plaintiff the homestead, furniture, and household effects mentioned in the findings, and $100 solicitors' fees to be paid to her attorneys for carrying on the action, over and above the taxable costs which he was adjudged to pay. Pending the suit, and after the court had announced its judgment fixing the value of the homestead at $1,800, a barn, part and parcel of such homestead, was destroyed by fire, and the defendant collected $470 insurance thereon. The defendant neglected to pay the taxes on the homestead for 1891, and the property was sold for nonpayment thereof. The plaintiff paid $39.74 to redeem the same. These facts

Harran vs. Harran.

are stated in the findings, and the defendant is also required by the judgment to pay those two sums to plaintiff. The judgment bears date October 17, 1892. Thus it appears that the judgment, in effect, gives plaintiff the unincumbered homestead as it stood at the time of the trial, the furniture and household effects, the taxable costs of the action, and $100 solicitors' fees over and above such costs, and leaves to the defendant $925 in money and other personal property over and above his indebtedness, and his ability to earn at least $1,000 a year over and above his expenses.

It must be admitted that the circuit court dealt very liberally with the plaintiff in making its judgment, yet it must also be admitted that the provision thus made for her will afford her but a very moderate support. Under the judgment she will have a home and the appliances for housekeeping, and about $500 in money, besides her separate property; but, unless she leases or sells some portion of the property thus awarded her, there seems no way for for her to meet her current expenses after the $500 is exhausted, other than by paying them out of her very limited separate estate. Without capacity to earn any income, her $780 will soon be exhausted.

Although the judgment leaves the defendant but little property, he has the ability to earn a very comfortable income, out of which, but for his misconduct, his wife would have received her support. It must also be remembered that he, and not the plaintiff, has wrecked their home and driven her to seek and obtain a divorce from him. All these circumstances are proper to be considered in making division of the husband's estate, and the terms of such division are largely in the discretion of the trial court. Under the rulings of this court in *Webster v. Webster*, 64 Wis. 438, and in other cases there cited, we cannot say that the circuit court improperly exercised its discretion in making division of the husband's estate between the parties. The judg-

ment must therefore be affirmed, and the defendant must pay the taxable costs in this court. The motion heretofore made and argued for an allowance for suit money in this court is denied.

*By the Court.*— Judgment affirmed.