## O'DAY v. O'DAY

(No. 1825; March 13, 1934; 30 Pac. (2d) 488)

For the defendant and appellant, there was a brief and oral argument by *C. H. Harkins* of Worland.

For the plaintiff and respondent, there was a brief
by *C. A. Zaring* of Basin.

24

RINER, Justice.

The District Court of Washakie County granted the defendant and appellant, Ida Holtz O'Day, a decree of divorce from the plaintiff and respondent, Jack O'Day, the relief being awarded upon her cross petition charging extreme cruelty. The decree also set over to her, as against him, all the personal and real property in which these parties held or claimed an interest, except Lot 6 in Block 6, First Addition to the Town of Worland, and Lot 7 and the East 2 feet of Lot 8 in said block, wherein each was adjudged "an undivided one-half interest in the equity of said parties" in said premises. The appellant urges that the trial court committed error in assigning to the plaintiff any interest what-

soever in this property and this is the only question which we are asked to consider.

The parties were married January 4, 1930, at Red Lodge, Montana, and lived together as man and wife about two years and four months. They had no children. Both parties appear to have engaged in a business enterprise of rather questionable character, to-wit, bootlegging. During that time, as plaintiff testified, he earned and paid on account of the purchase price of the property, aforesaid, together with the accrued interest thereon, the sum of $1,593.92. Concerning this matter, the defendant, as a witness in her own behalf, on cross-examination, stated in response to the question, "Well, you have heard the testimony as to these various amounts of cash that were paid out; that money came from your joint efforts, did it not?" that "I had money when he came then and if we didn't make enough to pay the payments why I had to take it out of what I had."

Sec. 35-118 Wyo. Rev. St. 1931, provides:

"In granting a divorce, the court shall also make such disposition of the property of the parties, as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burden imposed upon it, for the benefit of the wife and children, and the court may also decree to the wife reasonable alimony out of the estate of the husband having regard for his ability, and to effectuate the purposes aforesaid, may order so much of his real estate or the rents and profits thereof, as is necessary to be assigned and set out to the wife for life, or may decree a specific sum to be paid by him to her, and use all necessary legal and equitable processes to carry its decrees into effect."

Concerning statutes of similar character, other courts have spoken in this wise:

In Gauger v. Gauger, 157 Wis. 630, 147 N. W. 1075, 1076, the following language was used:

"The division of property, in a case of this sort, is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter. Therefore, the trial determination must prevail unless clearly characterized by mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment. Newton v. Newton, 145 Wis. 261, 130 N. W. 105.

"In making a division of property in a divorce action the ages of the parties, their condition of health, their competency to earn money, the manner the property was acquired, the situation as to probable family burdens after the divorce, the nature of the property and all other circumstances bearing on the question of an equitable distribution, are to be taken into consideration. Harran v. Harran, 85 Wis. 299, 55 N. W. 400."

In Pinney v. Pinney, 66 Utah 612, 245 Pac. 329, the law is there stated to be:

"The division of property is a matter that rests largely within the sound discretion of the trial court. Unless it appears from the findings that the division made is not equitable under all the circumstances of the case, an appellate court should not, and will not, disturb the order of the trial court. Read v. Read, 78 P. 675, 28 Utah, 297; Friedli v. Friedli, 65 Utah 605, 238 P. 647."

Likewise, in the comparatively recent case of Mann v. Mann, 136 Kan. 331, 15 P. (2d) 478, 480, (1932), the court said:

"It has been repeatedly held by this court that the trial court has a wide discretion in the division of property and allowing alimony between husband and wife. Newton v. Newton, 127 Kan. 624, 274 P. 247, and cases there cited. On the other hand, it is judicial

discretion, and is subject to review by this court, and if, under the circumstances of the particular case, it is clearly unreasonable and inadequate, this court will set the judgment aside. Flautt v. Flautt, 126 Kan. 21, 266 P. 746."

So this court, indicating the proper construction to be placed upon the section quoted above, in Lovejoy v. Lovejoy, 36 Wyo. 379, 256 Pac. 76, 79, has expressed its view thus:

"It is conceded that in making a division of property under the statute the trial court exercises a discretion. There are no hard and fast rules to control its action. The statute does not require an equal division. A just and equitable division is as likely as not to be unequal. The decision of the trial court should not be disturbed, except on clear grounds, as that court is usually in a better position than the appellate court to judge of the respective merits and needs of the parties."

It was stated in the argument and is set forth in appellant's brief, upon appropriate reference to the record, that the value of the property involved is $1,250; that there is a mortgage thereon, on which there is due the sum of $810; and that the net value of the equity of these parties is, therefore, $440. The interest, accordingly, assigned to the plaintiff by the decree complained of, is valued at the sum of $220. Our study of the record does not furnish us with any "clear grounds" for revising the amount of property thus given the husband, nor do we regard it as an instance of an abuse of judicial discretion or as evidencing unreasonable or arbitrary action on the part of the trial court.

We do think, however, that in view of the sharp disagreements the record discloses these parties have had, and the bitter feeling manifested toward each other, that it will be just and equitable, tending not only to avoid future strife and litigation between them,

but also to actually insure each one receiving the interest adjudged below, that the terms of the decree should be slightly changed. Our conclusion is, then, that the decree be modified so as to provide that, upon appellant's paying to the respondent the sum of $220 in cash, the appellant shall be entitled to all the equity of the parties, in and to the above described premises. As thus modified, the decree will be affirmed, each party paying their own costs.

*Modified and Affirmed.*

KIMBALL, Ch. J., and BLUME, J., concur.