## CURRAN v. CURRAN

(No. 1981; February 23, 1937; 65 Pac. (2d) 243)

218

For the defendant and appellant, there was a brief by *George F. Guy* and *Donald Starnes* of Cheyenne, and oral argument by *Mr. Guy*.

For the respondent there was a brief and oral argument by *Ewing T. Kerr* of Cheyenne.

RINER, Justice.

This direct appeal proceeding brings to this court for review a decree of the district court of Laramie County in an action wherein Luella Marie Curran as plaintiff sought a divorce from William Patrick Curran as defendant, the custody of their three minor children, a sum of money for their support and counsel fees for the litigation.

The parties will be referred to generally as designated in the court below.

As grounds for her suit plaintiff charged the defendant with habitual drunkenness and with offering her such indignities as rendered her condition intolerable. The defendant's answer was a denial of these allegations, coupled with a cross-petition making a similar accusation against the wife, i. e., that she had rendered his condition as her husband intolerable, and further alleging that she was "guilty of cruel and inhuman treatment" of the defendant. He, too, asked that a divorce be granted, and that the custody of the children be awarded to him. This cross-petition was answered by the plaintiff through what was in substance a general denial thereof. The trial court granted plaintiff a dissolution of the marriage existing between her and the defendant and assigned to her the custody and care of their children. The decree additionally allowed the father to visit the children "at all reasonable times and hours" and to have them in his own custody three or four hours once a month, and required him to pay the sum of $45.00 per month as support money for the children; counsel fees were allowed plaintiff and the defendant's cross-petition was dismissed. The de-

fendant has brought the case here asserting the decree to be erroneous in certain particulars.

The parties to this litigation were married the 30th of April, 1928, in Greeley, Colorado. The defendant is an enlisted man in the United States Army, and at present is stationed at Fort F. E. Warren, adjoining the City of Cheyenne. At the time of the trial of the action he was First Sergeant in his Company and had served in that capacity for some five years previously. The children of the marriage are Lulu May, William Patrick and Cecilia Ann, and their ages on October 31, 1935, the date of the trial of the action, were, in the order given, six, four and two years respectively.

The defendant contends that the decree thus rendered is contrary to the evidence and the law governing the case. He admits, and correctly, that the evidence upon which the court based its decree is in conflict. He recognizes the familiar rule of appellate practice, which has so often been announced by this and other courts, but which nevertheless seems to be so often overlooked by litigants, viz., that in such case where there is substantial evidence to support the decree or judgment of the trial court, on review the decree or judgment will not be disturbed. To avoid the force of this rule, our attention is directed to decisions from other jurisdictions where expressions are found, declaring a duty resting upon the appellate court to itself weigh the evidence, and if the conclusion thereby reached is at variance with that announced by the trial court, the reviewing court's interpretation of the evidence must prevail. The case of Emery v. Emery, 181 Mich. 146, 147 N. W. 452, is cited by defendant. But in that state the court of last resort in Lowry v. Paw Paw Savings Bank, 132 Mich. 228, 93 N. W. 530, has said:

"In a chancery case, where the question is a doubtful one, this court will give great weight to the finding of the lower court upon questions of fact, where the wit-

nesses are examined in open court; but nevertheless this court must examine the case de novo, and, where it is satisfied the complainant has failed to make a case, it is the duty of this court to dismiss the bill of complaint."

Decisions from the Supreme Court, Appellate Division, of New York are also called to our attention, particularly Graham v. Graham, 141 N. Y. S. 766, and Fontana v. Fontana, 170 N. Y. S. 308. In the case last mentioned the court expressly said: "The jurisdiction of this court differs from that of the Court of Appeals, in that we are required to weigh the evidence and the force and effect thereof." The court of final authority in that state, the Court of Appeals itself, has declared that it is bound by the decision of the Supreme Court, Appellate Division, upon conflicting evidence in a divorce action. Lowenthal v. Lowenthal, 157 N. Y. 236, 51 N. E. 995.

The rule of procedure in this court was long ago stated in Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1, a case where parents as between themselves contested the custody of children, and it was urged, as here, that the judgment was not sustained by sufficient evidence, the court saying:

"The finding was a general one upon the issues and the evidence is in the record, part of which was oral. The trial judge had the benefit of having the parties and some of the witnesses before him. The case does not come before this court for trial de novo. In considering the evidence we do not, sitting as a court of review, assume to weigh it, but only look into the record to ascertain if the judge abused his discretion in awarding the custody of the children to their father."

Other legal principles applicable to cases of this character, and which must affect its disposition here, have from time to time been announced by this court. In Stirrett v. Stirrett, 35 Wyo. 206, 248 Pac. 1, it was pointed out that: "In such a case as this, the great

governing principle for the guidance of the court is the good of the child." See also Tytler v. Tytler, supra; Jones v. Bowman, 13 Wyo. 79, 77 Pac. 439, 67 L. R. A. 860; Madson v. Humane Society, 25 Wyo. 338, 169 Pac. 336. In the Stirrett case, supra, it was further said that where the trial court saw the witnesses and listened to the testimony they gave: "It is our opinion, therefore, that unless some legal principle is found to have been violated by the order appealed from, or the court's discretion is found to have been abused, the order should not be disturbed." In Linch v. Harden, 26 Wyo. 47, 176 Pac. 156, the court observed: "That the welfare of a female child of tender years is best subserved by being in the care and custody of its mother, if she is competent and a fit person to discharge those duties, is generally conceded." This rule was again referred to in Crummer v. Crummer, 44 Wyo. 1, 7 Pac. (2d) 223. To the same effect is the case of Burt v. Burt, 48 Wyo. 19, 41 Pac. (2d) 524, where it was declared that "strong and decisive reasons" must exist for separating a female child of tender years from a mother's care.

Citations from the decisions of other courts approving or amplifying these views could readily be supplied at length. We shall mention only a few. In Ostrander v. Ostrander, 176 Wash. 669, 30 Pac. (2d) 658, the court emphatically announced: "The law should not divorce a child of tender years from his mother if there is any way to avoid such a drastic procedure." In Hines v. Hines, 192 Iowa 569, 185 N. W. 91, a divorce case where the care and custody of the two children, a girl of nine and a boy of five, was involved, the action of the trial court in awarding them to the mother was upheld, and the court said:

"A court is naturally inclined to give to the mother the custody of her children of tender years. This tendency is well-founded. It is a recognition that, other

conditions being equal, the mother is God's own institution for the rearing and upbringing of the child. It puts a premium on child culture in the hands of an expert."

In Ross v. Ross, 89 Colo. 536, 5 Pac. (2d) 246, 78 A. L. R. 313, the custody of a little five-year-old girl was to be determined. The mother had been assigned her care by the original decree, when the child was three years of age. Declining to interfere with the modified decree changing the custody of the child, the court said:

"Courts are disposed—properly so—to award to the mother, until otherwise ordered, the custody of very young children, especially girls, even where the mother's conduct has been such that, if the child were older, its custody would have been placed elsewhere. Conduct of the mother that would have no detrimental effect upon a child so young that its powers of observation and imitation are close to the minimum might be considered by the court sufficient cause to take from the mother the custody of a child somewhat older. Much depends upon the nature of the mother's conduct and the age and intelligence of the child."

See also Bruce v. Bruce, 141 Okla. 160, 285 Pac. 30; McFadden v. McFadden, 22 Ariz. 246, 196 Pac. 452; Warner v. Warner, 24 Fed. (2d) (Court of Appeals District of Columbia) 609.

In the case at bar, so far as the decree of divorce is concerned, it was granted to plaintiff upon conflicting oral testimony, and as there was substantial evidence to support the trial court's decision, we must accordingly decline to alter the judgment below in that particular.

It is reasonably apparent from the record before us that the parties cannot live together amicably. That is an additional reason, therefore, for not disturbing the decree in this respect even if it were proper for us to do that.

No useful purpose would be subserved by abstracting the evidence in this case and putting in print the story of the disagreements of the parties to this litigation and their attacks upon each other's character, and we shall not do that.

Relative to the custody of the children, under the decisions mentioned above there is really but one question that requires disposition at our hands: Did the trial court abuse its judicial discretion when it decided that it was for the best interests of these three children, two of them girls and then aged six and two years respectively, the other a boy, then of the age of four years, that their mother should have their care and custody?

The matter of whether one of these parents should prevail in a spirit of victory or of ill-feeling regarding the other is not in the slightest decree involved in this phase of the case. The husband and wife have brought about a separation of the family; their rights as to their offsprings' care and nurture are subordinate to the true welfare of the children. It devolved upon the district court to do the best it could with the material available to accomplish that result. Its bestowal of their custody was not an adjudication of the unfitness of the father, who for the time is denied the right for the most part to retain the possession of the children. It is nothing more than the expression of the court's belief that under the circumstances, as these were presented on the trial of the action, the best interests of the children would be better accomplished by placing their chief care and custody with their mother.

The defendant has undertaken to question the moral fitness of the mother to have these children in her charge. Some of this testimony when analyzed closely is subject to considerable question as to its veracity; all of it is disputed. The trial court, with opportunities for observation of the parties and their witnesses supe-

rior to ours, evidently did not give it credence. We are not convinced that the district court abused its discretionary power. That being so we are obliged to answer the question above suggested in the negative.

We are the more inclined to do this, as was intimated in the case of Stirrett v. Stirrett, supra, because the order fixing their custody for the present is "not such a final order as to conclude any further hearing upon the question of custody or control of these children." The behavior of the mother and her treatment of her offspring must, of course, hereafter, measure up to a due standard of morality and propriety, else other applications may properly be made to change their status based upon altered conditions. The district court at all times is vested with jurisdiction appropriately to meet such situations.

Our conclusion is therefore that the judgment of the district court of Laramie County should be affirmed.

*Affirmed.*

BLUME, Ch. J., and KIMBALL, J., concur.