(April Term, 1943)

# GARMAN v. GARMAN

(No. 2240; April 27, 1943; 136 Pac. (2d) 517)

2

For the appellant, the cause was submitted on the brief of *Everett Taylor*, of Torrington, Wyoming.

For the respondent, the cause was submitted on the brief of *J. L. Sawyer* and *Geo. P. Sawyer,* of Torrington, Wyoming.

RINER, Justice.

This is a proceeding questioning by direct appeal the correctness of a judgment of the district court of Goshen County in an action brought therein by the plaintiff, L. C. Garman, to obtain a divorce from his

wife, Helen Garman, the defendant. The parties hereto will be subsequently mentioned herein as designated in the trial court. The disposition of the cause below resulted in a general finding in favor of the plaintiff and against the defendant, and a decree of divorce as prayed by plaintiff's amended petition. This decree awarded the defendant the sum of five hundred dollars in lieu of all her rights in plaintiff's property and also a stated sum for attorney fees and suit money; the decree additionally awarded the defendant the furniture in the farm home which had been purchased with her money.

The parties above mentioned were married at Kearney, Nebraska, April 11, 1937. There are no children as a consequence of the marriage. However, both plaintiff and defendant had been previously married and the former had two children, girls, through his first marriage and the latter one child, also a girl. These children were all in their teens at the time plaintiff and defendant were married. The disagreements and quarrels between this husband and wife seem to a considerable degree to have grown out of the conduct and management of these children. Plaintiff is a farmer living in Goshen County, his farm being located southwest of the town of Torrington, Wyoming. The defendant before this marriage was a stenographer and evidently not accustomed to farm life. Though married on the date above mentioned, she did not come to Wyoming to live with her husband until the month of August, 1938, but continued to work in the city of Lincoln, Nebraska.

It is claimed for appellant that the judgment of the district court is not supported by the evidence in the case, and that there was lack of corroboration as required by the statute (W. R. S. 1931, § 35-131) ; also

that the money awarded to the defendant by the trial court was insufficient.

The law of Wyoming provides in Section 35-108 W. R. S. 1931 that:

"A divorce from the bonds of matrimony may be decreed by the district court of the county where the parties, or one of them reside, on the application of the aggrieved party by petition, in either of the following cases: * * *"

"Sixth—When one of the parties has been guilty of extreme cruelty to the other;" * * *

"Eighth—When either party shall offer such indignities to the other, as shall render his or her condition intolerable; * * *"

The amended petition of plaintiff embodies two causes of action, the first one relying upon the sixth clause of the statute aforesaid, and the second one on the eighth above quoted.

Section 35-118 W. R. S. 1931 provides:

"In granting a divorce, the court shall also make such disposition of the property of the parties, as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it, for the benefit of the wife and children, and the court may also decree to the wife reasonable alimony out of the estate of the husband having regard for his ability, and to effectuate the purposes aforesaid, may order so much of his real estate or the rents and profits thereof, as is necessary to the assigned and set out to the wife for life, or may decree a specific sum to be paid by him to her, and use all necessary legal and equitable processes to carry its decrees into effect."

Concerning this statute this court has enunciated the rule by which we think we should be governed on reviewing judgments involving the disposition of prop-

erty rights of the parties in divorce actions. In Lovejoy v. Lovejoy, 36 Wyo. 379, 256 Pac. 76, we said:

"It is conceded that in making a division of property under the statute the trial court exercises a discretion. There are no hard and fast rules to control its action. The statute does not require an equal division. A just and equitable division is as likely as not to be unequal. The decision of the trial court should not be disturbed, except on clear grounds, as that court is usually in a better position than the appellate court to judge of the respective merits and needs of the parties. * * *"

See also O'Day v. O'Day, 47 Wyo. 22, 30 Pac. (2d) 488.

Other decisions of this court which we think should be kept in mind as of material assistance in disposing of the instant case are:

Burt v. Burt, 48 Wyo. 19, 41 Pac. (2d) 524, wherein it was pointed out that findings of the district court in a divorce case upon conflicting evidence would not be disturbed on review. Of course, this is a cardinal principle governing the examination of judgments here, but it is so often overlooked by counsel that we are obliged to reiterate it frequently—much more frequently perhaps than should be necessary. See also to the same effect Kamp v. Kamp, 36 Wyo. 310, 254 Pac. 689.

Mahoney v. Mahoney, 43 Wyo. 157, 299 Pac. 273. In that case the grounds of divorce appearing in the statute and quoted above which are alleged in plaintiff's amended petition were under consideration, and it was said:

"Some latitude for the exercise of discretion is permitted to the trial court in determining the sufficiency of such grounds, and its finding will stand in the absence of abuse of discretion. Polakoff v. Polakoff, 51 Cal. App. 359, 196 Pac. 778."

Curran v. Curran, 51 Wyo. 217, 65 Pac. (2d) 243 where we had occasion to say:

"The defendant contends that the decree thus rendered is contrary to the evidence and the law governing the case. He admits, and correctly, that the evidence upon which the court based its decree is in conflict. He recognizes the familiar rule of appellate practice, which has so often been announced by this and other courts, but which nevertheless seems to be so often overlooked by litigants, viz., that in such case where there is substantial evidence to support the decree or judgment of the trial court, on review the decree or judgment will not be disturbed. * * *"

These decisions are all that need be referred to in order to properly dispose of this case. Upon examination we find the testimony herein to be conflicting relative to the mistreatment of the husband by the wife and on which the several grounds for divorce are predicated. The story is a long one of serious quarrels and disagreements between the parties almost from the moment of the marriage and especially since August, 1938, when the parties tried the acid test of living together in the farm home near Torrington. It is plainly evident that the marriage was a mistake from its very solemnization.

There would be no useful purpose accomplished in even abstracting the evidence in the cause for this opinion. We shall not do so. The district judge heard the parties and their witnesses give their testimony and saw their demeanor as that was done. His was the duty to resolve their statements if possible and decide as his best judgment indicated. There was substantial evidence as well as corroboration of the plaintiff's evidence in the cause to support the decree rendered. The defendant's letters and the testimony of others than those in the family of these parties establish that the marriage was, as we have said, a mistake, and we are unable to do otherwise than accept the determination

made by the trial court when the rules announced by prior decisions of this court are applied. Indeed we find in defendant's application for "support money pendente lite" the statement verified by the defendant that "differences have arisen and quarreling permitted to such a degree as to make the present status of the family impossible."

Concerning the money award given by the decree, we hardly think the evidence in the record before us is in such condition that we can say that there are "clear grounds" for disturbing the ruling of the district court in this matter. Lovejoy v. Lovejoy, supra. The plaintiff appears to be only a one-half owner in the farm home situated on an eighty acre tract upon which there was a mortgage, some $1556 being due thereon; he has an indebtedness of approximately $8000 exclusive of the amount due on the mortgage aforesaid; he seems to have advanced considerable sums of money to pay indebtedness owed by the defendant's mother; and he advanced money for the benefit of the defendant's daughter. He appears to have been obliged to go deeper into debt each year following the marriage. All things considered, we are inclined to the belief that the judgment of the district court of Goshen County in making the money award aforesaid was "just and equitable" as required by Section 35-118, supra.

It results that the judgment questioned by these appeal proceedings should be affirmed and an order to that effect will be entered.

*Affirmed.*

KIMBALL, Ch. J., and BLUME, J., concur.