ALTA PARSONS,

*Plaintiff in Error,*

vs.

M. GLENN PARSONS,

*Defendant in Error.*

(No. 2381; January 27th, 1948; 189 Pac. 2d. 159)

For the Plaintiff in Error, the cause was submitted upon the brief and also oral argument of Fred W. Layman of Casper, Wyoming.

For the Defendant in Error, the cause was submitted upon the brief and also oral argument of Marvin L. Bishop of Casper, Wyoming.

OPINION

BLUME, Justice.

This is an action brought on June 19, 1946, by M. Glenn Parson against Alta Parsons for a divorce. The defendant, Alta Parsons, filed a cross petition for a divorce and for alimony. Previously the defendant had brought an action for separate maintenance against the plaintiff and had procured a judgment. That action was dismissed by the trial court in the present action. Alta Parsons also had previously brought an action for divorce against the plaintiff, but that action had been dismissed before the answer day. In the present action the trial court granted a divorce to the defendant, Alta Parsons, upon her cross petition and awarded her alimony and allowances as hereinafter mentioned. The decree to that effect was rendered on November 30, 1946. Thereafter on December 6, 1946, the defendant, Alta Parsons, through an attorney different from that who represented her in the trial of the case, filed her motion for a new trial and to vacate and set aside the judgment and decree on the ground that said judgment and decree is not sustained by sufficient evidence and is contrary to the evidence and against the weight thereof. On January 23, 1947, the motion for a new trial was overruled, and thereupon on April 30, 1947, the defendant filed in this court her petition in error. The parties herein will be referred to in the same manner as in the court below.

Although the petition in error herein as well as the motion for a new trial would seem to indicate the con-

trary, the defendant herein does not complain that the court awarded her a divorce, nor could she very well do so in as much as she asked for it. Complaint herein is made as to the allowances made by the court to the defendant, Alta Parsons. It appears that the parties herein were the owners of Lot 8, Block 83, in the City of Casper, containing a modern home of five rooms and bath, and two cottages, each with three rooms and a bath. The parties to this action lived in the five room house. The cottages are rented for $50.00 per month. It was agreed by the parties in this action that the value of the foregoing property is $12,500.00. It is, however, encumbered and there was due thereon at the time of the trial the sum of $2948.65, payable in monthly installments of $63.00 each. The net value of the property, accordingly, was the sum of $9551.35. The parties also owned at the time of the trial herein, bonds of the United States of the then value of about $1,-300.00. The plaintiff, Glenn Parsons, at the time of the trial owned a Chrysler automobile, used by the plaintiff in his business, on which there was due the sum of $1200.00, payable at the rate of $100.00 per month. The parties also jointly owned 4950 shares of stock of the Indian Ice & Cold Storage Company, a Casper corporation. 1000 of these shares were bought for 80c per share and 3950 shares were bought for the sum of $5,000.00. The parties had also owned a joint account in a Casper bank, in the sum of about $470.00, which, however, was drawn out by the defendant, Alta Parsons, after the commencement of their disagreements. The plaintiff, Glenn Parsons, is the general manager of the Indian Ice & Cold Storage Company above mentioned, drawing at the time of the trial herein a salary of $400.00 per month, which, however, would, by reason of income tax, be reduced to $360.00 per month.

The trial court allowed the defendant, Alta Parsons, alimony in the sum $115.00 per month for the support of herself and children, such payments to be made for the period of two years, and further the sum of $75.00 alimony per month to be paid for two years thereafter, payments to cease after that time. The court set over to the defendant, Alta Parson, the home and the houses located thereon, permitting the plaintiff to retain the bonds of the United States except $600.00 thereof, which the court directed should be turned over by the defendant to the plaintiff, she having possession of all the bonds. The court found the value of the stock in the Indian Ice & Cold Storage Company to be $1.20 per share or $5940.00. The stock was by the court divided evenly between the parties, but the court gave the option to the plaintiff to purchase within one year the shares of the defendant for $1.20 per share. The net result was that the defendant, Alta Parsons, received property of the value of approximately $13,000.00, leaving to the plaintiff property of the value of approximately $4570.00. It appears that the parties herein have two children, a daughter and a son. We were informed at the oral argument of this case that the daughter is now married, and the son is about fifteen years of age at this time.

The main complaint herein is that the court in fixing the value of the stock in the Indian Ice & Cold Storage Company at $1.20 per share fixed the value altogether too low, and counsel for the defendant argued that it should have been fixed at $10.00 per share. The situation with reference to that stock is somewhat involved. It appears that the net assets of the foregoing corporation are of the value of approximately $49,000.00, which includes the lots, the buildings and all fixtures and machinery located therein. The profits made by the corporation per annum averaged over the period of ten years prior to 1946, the sum of $4789.33. They

amounted to $11,789.18 in 1943 and to the sum of $16,-948.66 in 1944. However, the testimony shows that the profits in these years were abnormal and due mainly to the fact that an air base of the United States was located at Casper during the war. Profits in 1939 were as low as $397.78 and $625.20 in 1941. The profits in 1945 were $2971.54. For eight months in 1946 the profits were $6,067.71, which would be reduced to about $4500.00 by reason of the corporation tax. The evidence shows that the last four months of the year are much less profitable than the other months. The foregoing figures show that it is hard to say what the profits might be in the future. About 70% of the business of the corporation consists of the sale of ice, and the ability to purchase refrigerators now—which could not be done during the war—may gradually lead to a decrease rather than to an increase in that portion of the business.

Harry Parsons, uncle of the plaintiff, Glenn Parsons, and the wife of the former, held 29,403 shares of stock of the foregoing corporation. Only 6 shares were outstanding aside from those held by the parties herein, and Harry Parsons and his wife. In other words, Harry Parsons and his wife held the overwhelming control of the corporation. On February 16, 1945, Harry Parsons and wife undertook to sell the shares of stock owned by them in the foregoing corporation for the sum of $77,000.00, payable at the rate of $600.00 per month for two years and $500.00 per month thereafter. The contract was between Harry Parsons and wife on the one hand and the corporation above mentioned on the other. If and when the $77,000.00 would be paid, the owners of the 4950 shares would virtually become the sole owners of the corporation, so that the foregoing sale in effect was a contract of sale to the plaintiff and the defendant in this action. Apparently as a part of the same transaction Harry Parsons re-

quired the plaintiff and the defendant herein to buy 3950 shares of the stock of said Company for the sum of $5,000.00 and to put all of their stock in escrow as a guarantee for the fulfillment of the contract of purchase of 29,403 shares of stock. That was done. $5,-000.00 was paid to the company. It was mainly borrowed money. There was on hand in the treasury of the foregoing corporation the sum of $7,000.00. Both of these sums were taken by Harry Parsons and wife as part of the purchase price above mentioned, leaving a balance due of $65,000.00. It appears herein that up to the time of the trial of this case the payments that were to be made to Harry Parsons and wife had been kept up. Charles Chapin, an accountant, testified that the sale price of $77,000.00 above mentioned was out of proportion to the value of the stock sold; that a price of $40,000.00 would have been ample; that by reason of the escrow agreement above mentioned and the probable difficulty of meeting the payments to Harry Parsons and wife he considered the stock owned by the plaintiff and defendant herein to be worthless. We are unable to say that the judgment of the witness is incorrect. At the time of the trial herein there was still due to Harry Parsons an amount far in excess of the value of the stock as testified to by the foregoing witness. On the face of the facts herein it would seem that only the indulgence of plaintiff's uncle will prevent the stock from becoming worthless. It follows, of course, that we cannot sustain the contention of the defendant herein that the trial court fixed the value of the stock here in question too low.

This court said, in the case of Lovejoy vs. Lovejoy, 36 Wyo. 379, 256 Pac. 76, as follows: "It is conceded that in making a division of property under the statute the trial court exercises a discretion. There are no hard and fast rules to control its action. The statute does not require an equal division. A just and equit-

able division is as likely as not to be unequal. The decision of the trial court should not be disturbed, except on clear grounds, as that court is usually in a better position than the appellate court to judge of the respective merits and needs of the parties." To the same effect see O'Day vs. O'Day, 47 Wyo. 22, 30 Pac. 2d 488; Garman vs. Garman, 59 Wyo. 1, 136 Pac. 2d 517; Book vs. Book, 59 Wyo. 423, 141 Pac. 2d 546. An examination of the facts above outlined shows, we think, clearly that this court is not in a position to say that the trial court abused its discretion. Counsel for the defendant herein argues that the plaintiff herein might become rich by reason of the contract with Harry Parsons and wife, while the defendant herein would remain poor. This court is not a seer and cannot predict what the dark and uncertain future may have in store. We do well if we can correctly interpret the facts of the present.

We think the judgment herein should be affirmed and it is so ordered.

RINER, C. J., and KIMBALL, J., concur.