ALICE M. RAMSEY,

*Plaintiff and Respondent*

vs.

ROBERT W. RAMSEY,

*Defendant and Appellant.*

No. 2737; September 18th, 1956; 301 Pac. (2d) 377)

For the defendant and appellant the cause was submitted upon the brief of Clarence G. Cypreansen and R. N. Ogden of Casper, Wyoming, and oral argument by Mr. Ogden.

For the plaintiff and respondent the cause was submitted upon the brief and also oral argument of Harry E. Leimback of Casper, Wyoming.

190

## OPINION

BLUME, Chief Justice.

This is an appeal from a judgment in a divorce action. The action was instituted by Alice M. Ramsey, age about twenty-six years, against her husband Roger W. Ramsey, age about thirty-seven years. The defendant denied the plaintiff's grounds for a divorce and filed a cross petition. The case was tried and the court by its judgment of August 12, 1955, awarded a decree for divorce to the defendant Roger W. Ramsey. The parties have two children, a girl about eight years of age and a boy about four years of age. The custody of the children was awarded to the plaintiff, their mother, with right of visitation on the part of the father, and with the right of the father to have the custody of the children during the summer months. The court also awarded alimony for the support of the children in the sum of $75 a month, except when the children are in defendant's custody. The defendant was given all of the property of the parties, but plaintiff was awarded a lump sum of $2000, which amount should be a lien on the property of the defendant until paid, and directed the defendant to pay that amount on or before September 25, 1955, or show cause why the payment had not been made.

The defendant has appealed from the judgment of the court. He complains that the custody of the children was awarded the plaintiff and that the plaintiff was awarded the sum of $2000 above mentioned.

The welfare of the children is the primary consideration for the court in awarding their custody. Curran v. Curran, 51 Wyo. 217, 65 P.2d 243. Here one of the children, a girl is eight years of age, and the boy is four years of age. If the mother can take care of such children and is properly qualified in the judgment

of the court to do so, it cannot be error to award the custody to her. See Curran v. Curran, supra; Burt v. Burt, 48 Wyo. 19, 41 P.2d 524. While the defendant claims the mother is not a proper party to have the custody, there is evidence in the record that she is. We seen no reason to disturb the finding of the court in this connection.

The property of the parties consists of a home, known as lot 3 of Southridge Addition to the city of Casper, some household goods, and a 1952 Roadmaster Buick automobile. There is some testimony that the home is worth about $12,000. There is a mortgage against it which originally was $9800, but has been reduced by payments to about the sum of $7100. It seems the defendant is a veteran and the loan against the home is perhaps a "G.I." loan, with periodic payments to be made until paid. The cost of the household goods was about $3000. Defendant testified the value as secondhand goods would be about $700. The value of the automobile was not shown, but was perhaps $1200 to $1500. The defendant earns from $350 to $375 per month (take home pay) and plaintiff, since the separation of the parties, has been working as a telephone operator earning about $40 per week.

As already stated the property of the parties was awarded to the defendant with a lien in favor of plaintiff in the sum of $2000. It is argued by counsel for the defendant that the court should not have given the plaintiff this amount of money, particularly in view of the fact that the defendant was awarded the divorce. But that is not necessarily conclusive. The court may in its discretion award the wife alimony, if the circumstances warrant it. 17 Am.Jur. 478. In this case there is considerable difference in the earning capacity of the parties. We have held in numerous

cases that the decision of the trial court cannot be disturbed except on clear grounds. Parsons v. Parsons, 64 Wyo. 198, 189 P.2d 159; O'Day v. O'Day, 47 Wyo. 22, 30 P.2d 488; Garman v. Garman, 59 Wyo. 1, 136 P.2d 517; Book v. Book, 59 Wyo. 423, 141 P.2d 546; Lovejoy v. Lovejoy, 36 Wyo. 379, 256 P. 76. It is rather difficult for us to say, under the facts in this case, that the trial court abused its discretion.

We are wondering, however, how the trial court expected the defendant to be able to pay a lump sum of $2000 shortly after the trial of this case. It does not appear he has any property other than that above mentioned. Possibly the money might be realized by selling the household goods and the automobile. Whether it would be just to deprive him of the automobile we do not know since we are not advised as to how the defendant must travel to go to work. And in view of the fact that the custody of the children was awarded to the defendant part of the time, we cannot say that he should be deprived of the household goods. The mortgage against the home in the sum of about $7100 still rather high. In other words all the defendant has is a small equity in that property. It is not likely anyone would loan him $2000. He might be able to sell the home, but to force him to sell within a short time might leave him very little if anything, although, as the testimony shows, he alone accumulated whatever property the parties have. In short, it seems to us that unless it can be shown the defendant can raise the lump sum of $2000 without too much sacrifice, then, in order to permit the defendant to live, to pay the support money for the children, and to pay the sums required to be paid on the mortgage, the court should modify the decree to permit the sum awarded the plaintiff to be

satisfied by periodic payments. With this modification, the judgment of the trial court is affirmed.

Affirmed as modified.

Harnsberger, J., and Parker, J., concur.