In the Matter of Tina Maria KOSMICKI and Dean Ernest Kosmicki, on Habeas Corpus.

Violet FLEAK and Thane Fleak, Appellants (Respondents below),

v.

Gertrude Ada SWICK, Appellee (Petitioner below).

No. 3790.

Supreme Court of Wyoming.

May 4, 1970.

W. Randall Boyer of Boyer & Svilar, Lander, for appellants.

Harold E. Meier, Lander, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Chief Justice GRAY delivered the opinion of the court.

Petitioner, the natural mother of two minor children, namely a son of the approximate age of four years and a daughter of the approximate age of two years, commenced a habeas corpus proceeding claiming that the minor children were illegally restrained by the respondents. The writ issued and in their answer and return the respondents admitted that the children were living with them and were in their care; denied that the children were illegally restrained; affirmatively alleged that the father of the children, Leonard Edward Kosmicki, deceased, and petitioner were divorced on October 10, 1967; that by the decree of divorce the father was granted sole custody of the children subject to rights of visitation by the mother; that by the last will and testament of the decedent dated August 12, 1968, the respondent Violet Fleak was appointed guardian of the persons of the minor children; that petitioner was an unfit mother during the marriage and prior to the divorce had deserted and abandoned the children; and that the best interests of the children would be served by permitting them to remain in the care and custody of the respondents. Upon trial to the court, the court in its judgment and decree found generally for the petitioner and against the respondents, and more particularly that the father was granted custody by the divorce decree; that the father was deceased and his will admitted to probate; that under the terms of the will decedent appointed Violet Fleak testamentary guardian of the children; and that Violet Fleak had "in no way violated her trust as Testamentary Guardian." The court also found that petitioner is a fit and proper person to have custody of the children and "that it is in the best interests of said minor children that they be reunited with and placed in the care and custody of their natural mother." It was then ordered that petitioner be granted sole custody of the children and that the respondents forthwith deliver the children to the petitioner. Respondents appeal.

It should first be noted that the parties by stipulation pursuant to Rule 75(g), W. R.C.P., designated certain instruments and documentary evidence presented at the trial as constituting the record on appeal and did not include as a part thereof the transcript of the testimony and proceedings at the trial. At the time the stipulation was

filed the respondents also filed a Statement of Points on Appeal as follows:

"Respondents rely in this appeal on the following point:

"1. Having found that respondent, Violet Fleak, testamentary guardian of the persons of the minor children subject of this action, was fulfilling the trust reposed with her by the will of Leonard E. Kosmicki, the divorce custodian of those children, the Court committed an error of law by disregarding Section 3–6, Wyoming Statutes, 1957, and awarding their custody to petitioner, Gertrude Ada Swick."

The statute in question, § 3–6, W.S.1957, provides:

"The estate of every minor child shall be managed and cared and accounted for by a legally appointed guardian of such estate, under the provisions of this chapter.

"Every married woman is hereby constituted and declared to be the joint guardian of the person of her children with her husband, with equal rights and powers in regard to the custody of her children with her husband. In the event of the inability of the parents to exercise such joint custody any judge or court, having jurisdiction, shall designate one or the other to perform such trust. Upon the death of either husband or wife the right of custody shall pass to the survivor.

"Any unmarried or widowed mother, whether of full age or a minor, of a child likely to be born or a child under the age of twenty-one and unmarried may by a written instrument duly acknowledged, or last will duly executed, dispose of the custody and tuition of such child during its minority, or for any less time, to any proper person who shall, nevertheless, be subject to be removed as such guardian of such person, by any court of competent jurisdiction for failure to discharge such trust.

"A surviving husband may in like manner dispose of the custody and tuition of his minor child, to any proper person, who shall be subject to removal as aforesaid, and the same power, with the same qualification of review by a court of competent jurisdiction is hereby conferred upon either parent to whom the custody of a minor child has been awarded in appropriate divorce proceedings."

In substance respondents contend that so long as the testamentary guardian was performing the terms and conditions of the trust she could not be removed. On the other hand, petitioner contends that in any proceeding such as this the paramount consideration is what will best serve the interests and welfare of the minor children.

■ The contention of the respondents with respect to the rights and status of a testamentary guardian presents a question not heretofore considered by this court. As a general proposition it is well established that the right of a testator to appoint a guardian by deed or by will is wholly statutory, In re Allen's Estate, 162 Cal. 625, 124 P. 237, 239; Bryant v. Dukehart, 106 Or. 359, 210 P. 454, 458; 39 C.J. S. Guardian and Ward § 13, p. 23. Such right was unknown to the common law, Comerford v. Cherry, Fla., 100 So.2d 385, 390, 67 A.L.R.2d 796. In this connection, Wyoming since statehood took cognizance of the right but it was not until 1915 when the present language of § 3–6 came into being that the legislature made specific provision, when parents of minor children were involved, for a surviving or custodial parent to dispose of the "custody and tuition" of such children by a "last will duly executed," § 1, Ch. 143, S. L. of Wyoming, 1915. We shall have more to say about this particular section but for purposes here we need say no more than that the section is ambiguous and fails to prescribe any definite and explicit directives as to just when and how the appointment by will was to be effectuated. Consequently we must perforce look to other pertinent statutory provisions relating to the subject matter, Stringer v. Board of County Commissioners of Big Horn County, Wyo., 347 P.

2d 197, 200, and to say the least even those provisions are found wanting in several respects.

We first turn to § 3–2, W.S.1957. This section was initially adopted as a part of the Probate Code, Ch. 70, § 1, Art. XXI, S. L. of Wyoming, 1890–91; was in full force and effect in 1915; and pertained to minors exclusively. Section 1, Art. XXI, provided in part as follows:

"The district court of each county, or the judge thereof. in vacation, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors who have · no guardian legally appointed *by will or deed*, * * *" (Emphasis supplied.)

As can be seen, the jurisdiction of the court to appoint a guardian was limited at that time to minors for whom no guardian had been "legally appointed by will or deed." The section then went on to provide, as it presently does, that in the event of appointment by the court the powers of the court were to be invoked by petition to the court and the giving of notice "to any person having the care of such minor * * * and to the relatives residing within the county." Two other pertinent sections, § 3–12 and § 3–14, W.S.1957, making specific reference to testamentary guardians, where also enacted as a part of Ch. 70, Art. XXI, and have not since been amended. Section 3–12 provides:

"Every testamentary guardian must give bond and qualify, and has the same powers and must perform the same duties with regard to the person and estate of his ward as a guardian appointed, except so far as their powers and duties are legally modified, enlarged or changed by the will by which such guardian was appointed."

Section 3–14 provides in part:

"When a guardian appointed either by the testator or a court or judge becomes insane or otherwise incapable of discharging his trust, or unsuitable therefor, or has wasted or mismanaged the estate, the court or judge may, upon such notice to the guardian as the court or judge may require, remove him and compel him to surrender the estate of the ward to the person found to be lawfully entitled thereto. * * *"

█ Thus, as the matter stood from statehood through the year 1915 and until the year 1931, all that seems to have been required to consummate an appointment of a guardian of minor children by a parent was for the will to have been admitted to probate and the guardian so appointed to have qualified in keeping with § 3–12. See Annotation 67 A.L.R.2d 803, 809. In 1931, however, the legislature by § 145, Ch. 73, S.L. of Wyoming, 1931, made a significant change in the forerunner of § 3–2. The language "by will or deed" underscored above, which followed the word "appointed", was deleted; the words "guardian legally appointed" rearranged to read "legally appointed guardian"; and other than the insertion of the words "incompetents or insane persons" the section, as amended, has been carried forward since that time. Ordinarily when a statute is amended by deleting certain language therefrom it will be presumed that a substantial change was intended, Stolldorf v. Stolldorf, Wyo., 384 P.2d 969, 972, and we think such principle of statutory construction is particularly applicable here. It is true, of course, that no change was made in § 3–12 or § 3–14, but that presents no difficulty inasmuch as all of the statutory provisions relating to appointment of guardians, and particularly § 3–2 through § 3–22, W.S.1957, must be correlated and harmonized, if possible, with the legislative intent of the latest enactment, and we think this can and should be done, Huber v. Thomas, 45 Wyo. 440, 19 P.2d 1042, 1044; Kuntz v. Kinne, Wyo., 395 P.2d 286, 288.

█ As a result we hold that the limitation placed upon the general powers of the courts in matters of guardianships for minor children was removed in 1931 and thus even though the will of a decedent appointing a guardian has been admitted to

probate, the appointment is not self-executing. Before a testamentary guardian can be clothed with all of the rights, duties, and powers of such a guardian the person so named must make application to the court for an order confirming the appointment as required by § 3–2, W.S.1957. If appointed, such person must then qualify by the taking of an oath, obtaining letters of guardianship, and unless otherwise provided in the will giving bond as required in § 3–9, W.S.1957.

With such prerequisites in mind, we turn to the record to determine whether or not Violet Fleak was the duly appointed, qualified, and acting guardian of petitioner's minor children, which respondents seem to have assumed as the basis for their contention. In doing so we are confronted with the fact that only a partial record of all of the proceedings below has been filed and all that is shown with respect to the question under discussion is that the will of the deceased father of the children was admitted to probate. It is not shown that the power of the court to appoint Violet Fleak as guardian was ever invoked by petition or otherwise, as the statute requires, and ordinarily courts do not act sua sponte, State ex rel. Yohe v. District Court of Eighth Judicial District In and For Natrona County, 33 Wyo. 281, 238 P. 545, 547–548; State v. Underwood, 54 Wyo. 1, 86 P.2d 707, 718. The proceeding must be initiated in some sufficient manner, Padlock Ranch, Inc., v. Washakie Needles Irr. Dist., 50 Wyo. 253, 61 P.2d 410, 411. More important we think is the fact the record fails to show that notice of any guardianship proceeding involving the children was ever served upon the resident petitioner as required by § 3–2. In addition, of course, it was not shown that an order of the court appointing Violet Fleak as guardian was ever entered. The only allegation of respondents' answer pertaining to the matter of appointment was that the father by his will "appointed respondent Violet Fleak as guardian of the persons of said children." Consequently there is nothing before us that would warrant resort to a presumption that Violet Fleak was a duly appointed and qualified guardian and as a result we find no merit in respondents' contention based upon such an assumption.

The foregoing, however, should not be understood as intimating under our statute that the solemnly expressed desires of a deceased parent with respect to custody of his or her children can be entirely ignored in a proceeding involving such custody. Regardless of the ambiguity of § 3–6, we think it sufficiently confers upon the surviving parent or a parent at the time of death having custody of a minor as the result of a divorce decree the power to "dispose of the custody and tuition" of such child to a person of the testator's choice. The question is, To what extent does the exercise of the power control the discretion of the court in the appointment of such a guardian? The statute furnishes little, if any, guidance in the matter. While there is some divergence of view in the authorities on the point, the favored rule is that the court is not bound under all circumstances to appoint the testamentary guardian. Paramount is the welfare of the child, Annotation 67 A.L.R.2d 803, 804–805. It is nevertheless an important element to be considered. We have not directly so held, but that we would adhere to such rule is preordained by our previous decisions.

Perhaps the closest we have come to the point is in the early case of Jones v. Bowman, 13 Wyo. 79, 77 P. 439, 67 L.R.A. 860. In that case both parents had died but on the basis that the surviving father, a resident of Minnesota, had on his death bed requested a sister to take charge of a minor daughter, the sister had herself duly appointed guardian by the probate court in Minnesota. However, within a few days thereafter the child was brought to Wyoming by a sister of the mother. The guardian then brought habeas corpus in this state to recover physical possession of the child. Upon trial, judgment was entered for the guardian. On appeal, however, this court, because of the existing

circumstances, reversed the decision of the lower court and in doing so principally relied on pronouncements made in the Michigan case of In re Stockman, 71 Mich. 180, 38 N.W. 876, 882, involving a testamentary guardian, wherein it was held that despite such appointment the guiding "polar star" in such matters was the welfare of the child.

The case of Tytler v. Tytler, 15 Wyo. 319, 89 P. 1, 123 Am.St.Rep. 1067, is also of significance. There the contest was between the parents who at the time were living separate and apart. The father in a habeas corpus proceeding claimed that he was entitled to custody of the minor children because the pertinent statute at that time, § 4870, R.S.1899, as amended by § 1, Ch. 84, S.L. of Wyoming, 1901—which incidentally was the forerunner of § 3–6— provided that "The father of the minor, if living," and being "competent" and "not otherwise unsuitable, must be entitled to the guardianship of the minor." The trial court granted custody to the father. This court reversed and, after indicating that the district court having general jurisdiction to inquire into the custody of minor children ought not to be hampered with strict construction of a statute that would often defeat the ends of justice, held that the statute in question was directive; that it did not control the exercise of a sound discretion by the trial court; and that the welfare of the children was the paramount consideration.

In Harris v. Muir, 24 Wyo. 213, 157 P. 26, 27, wherein the mother prior to death had left the children with the grandparents, the father by habeas corpus following her death sought to recover physical possession and custody of a minor child. Notwithstanding that we there recognized the natural right of a parent if not unfit to be entitled to custody, we affirmed the judgment of the trial court denying the father's claim on the basis that the interest and welfare of the child were paramount and there was substantial evidence to support the trial court's determination at that time.

In Morris v. Jackson, 66 Wyo. 369, 212 P. 2d 78, 81–82, where the mother, although alive at that time, had relinquished for purposes of adoption all of her rights in a minor child, we again affirmed an order of the trial court entered in a habeas corpus proceeding denying the father's right to custody of the child for the reason that even though the legal right of a parent or guardian must be considered in the proceeding, such right is secondary to the best interest of the child. Several other of our cases illustrative of adherence to the general principle that the paramount question in these proceedings is at all times the welfare of the child could be cited but the cases mentioned would seem to suffice.

In summation, it is true, as mentioned above, that our cases have gone no further than to recognize the almost universal rule that upon the death of the custodial parent the surviving parent will be awarded custody unless unfit or if the interests and welfare of minor children will be best served by a different disposition, Annotation 39 A.L.R.2d 254, 269; but to bring the matter more specifically to the precise question involved here, it would be unthinkable in the light of those precedents to construe the provisions of § 3–6 relating to a custodial parent by divorce as indicating an intention on the part of the legislature forever and anon to deprive a surviving parent of the natural right to custody of his or her children simply because such parent had temporarily been deprived the right by a divorce proceeding.

Inasmuch as the surviving parent here was the mother, perhaps we should also point out that we have also adhered to the rule that in proceedings involving children of tender years it is only in very exceptional circumstances that a mother should be deprived of the care and custody of her children, Burt v. Burt, 48 Wyo. 19, 41 P.2d 524, 526; Curran v. Curran, 51 Wyo. 217, 65 P.2d 243, 246; Ramsey v. Ramsey, 76 Wyo. 188, 301 P.2d 377, 378. Illustrative of "exceptional circumstances" are Lambert v. Place, 53 Wyo.

241, 80 P.2d 425, 428, and Butcher v. Butcher, Wyo., 363 P.2d 923. The evidence relating to the fitness of the mother and the welfare of the children not being before us, it must be presumed that such evidence sustained the order and judgment of the trial court, Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Schultz, Wyo., 444 P.2d 313, 316.

Affirmed.

McINTYRE, Justice (concurring).

The court has arrived at the correct result. However, I do not believe we should say or imply, as the court's opinion seems to do, that § 3-6, W.S.1957, confers power upon a parent with custody under a divorce decree to dispose of the custody and tuition of a child against the wishes of the parent who last survives.

It is true the last paragraph of § 3-6 does state power to dispose of the custody and tuition of a child is conferred upon either parent to whom custody has been awarded in divorce proceedings. But the second paragraph of the same section makes a married woman joint guardian of the person of her children with her husband. The paragraph gives courts the right, when joint custody cannot be exercised, to designate one or the other to perform the trust. It is then provided:

"Upon the death of either husband or wife the right of custody shall pass to the survivor."

First of all, it should be noted that all reason for the designation made in the divorce decree ceases to exist when a parent dies, and sole custody automatically—and by express provision—reverts to the survivor. This language is clear and unequivocal.

The language contained in the last paragraph of § 3-6 must of necessity be construed in *pari materia* with the clear and unambiguous language in the second paragraph. When so construed, the power to dispose of the custody and tuition, which is conferred upon a parent who was awarded custody in divorce proceedings, has to be construed as being subject to the superior right of a surviving parent to have his or her natural custody and guardianship. This right is recognized in the second paragraph of § 3-6.

That is not to say anything in the last paragraph of the section is meaningless. It has application and is enforceable against all relatives or interested persons except the surviving parent. For example, it would apply if the contest were between grandparents on the father's side and grandparents on the mother's side.

I agree on affirmance.

PARKER, Justice (concurring in the result).

I concur in the result but solely on the ground that there is nothing in the record to show either the appointment or the qualification of the purported guardian of the children.