## MAHONEY v. MAHONEY
(No. 1638; May 19, 1931; 299 Pac. 273)

For the appellant there was a brief and oral argument by *James T. McGuckin*, of Sundance, Wyoming.

For the respondent, the cause was submitted on the brief of *Otis Reynolds,* of Sundance, Wyoming.

*James T. McGuckin,* in reply.

BLUME, Justice.

The plaintiff herein, Murel Mahoney, was granted a divorce from the defendant Lowell Mahoney, and the latter has appealed.

No good purpose would be subserved in setting forth the details of the facts as shown by the record. Plaintiff and defendant were married in 1928, the former 18, the latter 22 years of age. They had no trouble or difficulties until a child was expected. Plaintiff claims and testified that the defendant was displeased with that fact, gave her medicine to produce an abortion, attempted for months to induce her to get rid of the child, persisting therein even after its birth, and then, after the baby was born, virtually gave her the choice, either to dispose of the child or to leave him. While, during the early period of pregnancy, she willingly took the medicine, it seems clear that she afterwards changed her mind, and she testified that when the choice above mentioned was presented to her, she informed her husband that she would live with her child, and that she soon thereafter, and within about two weeks after the child's birth, left defendant's home and returned to the home of her parents. There is, contrary to defendant's contention, corroborative testimony of plaintiff's claim. The latter's step-mother testified to an admission on defendant's part of the vital portion of plaintiff's charge. And a few days after the parties separated, defendant wrote a letter, admitting that he was the cause of the separation and begged forgiveness, and promised that he would do better in the future. No adequate explanation of this letter, or of the causes of separation were given by defendant in his testimony. True, the facts above mentioned were denied by him, and he was to some extent corroborated by other testimony, but the credibility of the witnesses was for the trial court, and we cannot interfere with its finding on this point.

The basis for the divorce, as stated in the petition, was extreme cruelty, and counsel for the defendant contends that the facts shown by the plaintiff are not such as to

authorize a divorce on the ground mentioned, first, because the plaintiff failed to testify to any physical or mental suffering, and second, because the record fails to disclose that plaintiff's health was impaired. There is testimony, however, that immediately after the birth of the child, plaintiff cried continually, and mental suffering on the part of the plaintiff, assuming that her testimony is true, must have been the inevitable result of defendant's conduct. Virtual rejection by the defendant of his child must have wounded the plaintiff's feelings deeply.

A number of courts seem to hold that impairment of health is necessary to constitute extreme cruelty. Other courts, however, under a statute which defines extreme cruelty as consisting of the infliction either of grievous bodily injury or grievous mental suffering, hold the contrary. 9 R. C. L. 342-343; Donaldson v. Donaldson, 31 Ida. 180, 170 Pac. 94; Williams v. Williams, 85 Mont. 446, 278 Pac. 1009. Our statute does not define extreme cruelty. Still we think that the cases last cited are not inapplicable, for the statute in these states merely recognizes the general rule, prevailing in modern times, that physical cruelty is not necessary in order to constitute a ground for divorce, but that mental cruelty is sufficient. 19 C. J. 49. And a number of courts hold, as shown by 19 C. J. 45, that if the peace of mind and happiness of the injured party is destroyed to the extent of defeating the legitimate objects of the marriage, a divorce on the ground of extreme cruelty is warranted. In the case at bar, plaintiff had no assurance that, in case of another pregnancy, defendant's conduct would not be repeated, and we cannot say that the trial court was unwarranted in finding the facts to be sufficient to constitute grounds for divorce. Some latitude for the exercise of discretion is permitted to the trial court in determining the sufficiency of such grounds, and its finding will stand in the absence of abuse of discretion. Polakoff v. Polakoff, 51 Cal. App. 359, 196 Pac. 778. Even if it cannot be held that the defendant was guilty of extreme cruelty, the court was, we think, war-

ranted in granting a divorce on the ground that the defendant offered such indignities to the plaintiff as to render her condition intolerable. That is one of the grounds for divorce under our statute. The petition in this case, while alleging that the defendant was guilty of extreme cruelty, further stated the facts in detail, and hence, we may well, in support of the judgment of the trial court, consider it as being based on the ground last stated. And it has been held that where the defendant is guilty of such indignities, impairment of health need not be shown. Krupp v. Krupp, 95 Pa. Super. Ct. 474 and cases cited.

The judgment of the trial court should be affirmed and it is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.