GEORGE W. STEERE,

*Plaintiff and Respondent,*

vs.

GLADYS M. STEERE,

*Defendant and Appellant.*

(No. 2610; March 2nd, 1954; 267 Pac. (2d) 750).

502

For the defendant and appellant the cause was submitted upon the brief of Sullivan & Sullivan of Laramie, Wyoming, and oral argument by Mr. J. R. Sullivan.

For the plaintiff and respondent the cause was submitted upon the brief and also oral argument of Mr. G. R. McConnell of Laramie, Wyoming.

## OPINION

BLUME, Chief Justice.

This is an action for divorce brought by George W. Steere as plaintiff against Gladys M. Steere, defendant. The parties were married in New Mexico in 1942 and lived together until the early part of 1947. It seems that at that time the defendant wanted to get a divorce from the plaintiff and the parties entered into a contract as to their property rights. At that time plaintiff gave all the property he had to the defendant, consisting of bonds, postal savings, shares in a mutual building and loan association and his automobile, the property amounting to approximately $6,000. Thereafter, however, the parties lived together again approximately a year, at which time, as plaintiff testifies, defendant "kicked" the plaintiff out of the house in which they were living and they have not lived together since that time. No children were born to their marriage. Plaintiff is a locomotive engineer. Defendant is a beauty parlor operator. Plaintiff is now approximately 38 years of age and the defendant is approximately 50 years of age. The marriage was the defendant's fourth marriage.

This action was instituted in the district court of Albany county of this State on June 9, 1952. The pleadings—following largely the statement of counsel for defendant—are as follows: Plaintiff and defendant were married on April 27, 1942, at Raton, New Mexico. Plaintiff, in his petition, prayed for a divorce, charging his wife with intolerable indignities, stating that the

indignities rendered were such as to make his life unbearable and intolerable. He alleged specifically that the defendant attempted on two occasions to kill him; had him arrested without cause; had written letters to officials of the Union Pacific Railroad Company, for which company he worked, accusing him of working while intoxicated; that she constantly accused him of consorting with other women. Plaintiff and defendant entered into a property settlement and plaintiff gave to the defendant property of the value of approximately $6,000.00.

Defendant filed her answer admitting the date of marriage; that there were no children as issue of their marriage; denied that she was guilty of acts of cruelty; admitted that she tossed a cream jar while plaintiff was abusing her; admitted that she received certain property from the plaintiff but alleged that there was no agreement that the property settlement was final and that the plaintiff voluntarily turned the property over to her to avoid prosecution because he had beaten her a short time before. Defendant denied that the plaintiff was a true and faithful husband; admitted that there was no collusion between the parties, and further alleged a series of indignities imposed upon her by the plaintiff, consisting of physical assaults of varying degree of intensity, such as beating her, kicking her, threatening her life; that he frequently came home intoxicated and would tell the defendant of his affairs with other women; that on numerous and various occasions, the plaintiff beat, struck and kicked the defendant; that plaintiff beat the defendant with a beaded belt and as a result the defendant's entire body was black and blue and that she has suffered physically ever since and that her ability to earn a living has been impaired. These allegations of the defendant were denied by the plaintiff in his reply filed in the case. The case was

tried to the court without a jury. The court found generally in favor of the plaintiff and rendered judgment herein granting a divorce to the plaintiff but allowing the defendant $300 as fees for her attorney. From that judgment, the defendant has appealed to this court.

Both the plaintiff as well as the defendant testified at length as to the indignities alleged in their respective allegations. It is the contention of counsel for the defendant that plaintiff in his testimony was not sufficiently corroborated. Our statute, § 3-5932, W. C. S. 1945, states as follows: "No decree of divorce, and of the nullity of marriage, shall be made solely on the declarations, confessions or admissions of the parties, but the court shall in all cases require other evidence in its nature corroborative of such declarations, confessions or admissions." This statute makes no reference to testimony and is radically different from the statutes of most of the states. The divorce in this case is not sought to be obtained on declarations, confessions or admissions as contemplated therein. We stated in Dawson v. Dawson, 62 Wyo. 519, 529, 177 P. (2d) 200, 203, referring to our statute, as follows: "This statute, as may be noted, does not, by its terms, require corroboration of testimony. The declarations there referred to are confessions as contra-distinguished from testimony as a witness. Rosecrance v. Rosecrance, 127 Mich. 332, 86 N.W. 800. It is true that courts will not, because of public policy, ordinarily grant a divorce upon the uncorroborated testimony of the plaintiff. 27 C.J.S., Divorce, § 136, p. 730. But that is held in many states, in the absence of a statutory requirement of corroboration of testimony, to be a rule of practice and not an inflexible rule, and that a divorce may be granted on the uncorroborated testimony of the plaintiff if it clearly appears and the court is satisfied that the ground of divorce has been proven and that no collusion exists."

We cited a number of cases in support of the statement. The object of statutory provisions requiring corroboration is to prevent collusion and the general rule is that when it appears that such collusion does not exist, very little corroborative evidence is required and that is true even under statutes that are much stricter than our own. 3 Nelson, Divorce and Annulment, 2nd Ed., § 26.13. It is admitted in this case that there was and is no collusion between the parties. The trial court evidently believed that to be true, and the circumstances herein, including the fact that this case reached this court, show the conclusion of the trial court to be correct. Furthermore there is ample testimony corroborating the plaintiff in the charge that defendant continuously accused him of associating with other women. The instant contention of counsel for defendant must, accordingly, be overruled.

It is contended that the testimony is insufficient to sustain the charge of indignities. It would subserve no good purpose to review the evidence. It was extremely conflicting. Plaintiff's testimony is not inherently improbable. The trial court saw the witnesses on the witness stand and was in better position than is this court in determining as to who told the truth. Counsel for defendant say that there is no evidence in the case that plaintiff suffered either physically or mentally by reason of the conduct of defendant. We think counsel is mistaken. It seems to us there is ample testimony in the case to show that the plaintiff was very much troubled by reason of the conduct of the defendant; that he was not able to keep his mind on his work which is very exacting by reason of the fact that he is a locomotive engineer and the lives and safety of men and women are placed in his hands.

It is contended that the court should have made an additional allowance to defendant by way of alimony.

Plaintiff testified, as heretofore indicated, that he and his wife made a property settlement in February 1947 when the defendant wanted to get a divorce, and that the defendant then got all the property that the plaintiff had. We considered such contracts at length in the case of Rinehart v. Rinehart, 52 Wyo. 363, 75 P. (2d) 390, and held them to be valid. True the parties thereafter lived together again for about a year, when, as the plaintiff testified, defendant ordered him out of their house, but defendant retained all of plaintiff's property and presumably was, in addition, supported by plaintiff during that time. Thereafter they lived apart for about four years before this action was commenced, during which time the defendant lived without support from the plaintiff. The court awarded defendant $300 by way of attorney's fee. We cannot say, taking into consideration all the facts in this case, that the court abused its discretion and failed to act equitably in this matter. See Garman v. Garman, 59 Wyo. 1, 136 P. (2d) 517.

The judgment of the district court is accordingly affirmed.

*Affirmed.*

RINER, J. and HARNSBERGER, J., concur.