Hod Samuel GILL, Appellant
(Defendant below),

v.

Lawanda Bernice GILL, Appellee
(Plaintiff below).

No. 2987.

Supreme Court of Wyoming.

June 22, 1961.

Riner & Borthwick, William A. Riner, Cheyenne, for appellant.

No appearance for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

A decree of divorce granted by the district court to the plaintiff-wife from the defendant-husband is challenged by the husband on the ground that plaintiff's proof was insufficient. The defendant claims that instead of such divorce being awarded to plaintiff he should have been given a divorce from her on his counterclaim and that the court should have awarded the custody of the children to him and not to plaintiff. The children involved are two boys born October 4, 1947 and October 6, 1948 respectively.

In her complaint, the plaintiff charged that defendant has offered plaintiff such indignities as have rendered her condition intolerable. The defendant did not ask for a bill of particulars or demand that the charge be made more definite and certain. Among other things testified to at the trial, plaintiff accused the defendant of repeated and continued acts of unnatural sexual behavior. Appellant contends that such acts, if true, do not constitute grounds for divorce unless committed against the will of the complaining party and unless they were so detrimental to the mental or physical health of such party as to render the marital relationship intolerable or unendurable. It is notable that in the case of each authority cited by appellant on this subject, recognition is given to the fact that unnatural and abnormal practices by either spouse are grounds for divorce when done against the will of complainant and when they tend to make the marriage relation so revolting as to defeat the purposes of the relation. See Johnston v. Johnston, Ohio Com. Pl., 143 N.E.2d 498; 27A C.J.S. Divorce § 28(4), p. 91; 17 Am.Jur., Divorce and Separation, § 83, p. 308 (1958).

While plaintiff was not asked specifically whether the acts of which she complained were done with or against her consent nor whether they affected her health, the implication of her testimony was to the effect that the behavior was extremely distasteful and repugnant to her and against her will, and also that it was so detrimental to her health as to render her condition intolerable. Sometimes, according to her testimony, there were both physical abuse and a resulting sickness.

Counsel for appellant admits in his brief that he is fully aware of the rule on appeal that, as to the sufficiency of evidence, a case on appeal will be considered on the basis of the testimony of the successful party only, and cites Willis v. Willis, 48 Wyo. 403, 49 P.2d 670, rehearing denied 49 Wyo. 296, 54 P.2d 814; Havens v. Irvine, 61 Wyo. 309, 157 P.2d 570, rehearing denied 61 Wyo. 309, 159 P.2d 366; Williams v. Williams, 68 Wyo. 175, 231 P.2d 965, and other cases. However, there is more to the rule than counsel admits. It is a part of such rule that the appellate court will give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. In addition to the cases mentioned by appellant's counsel, see Marsh v. Butters, Wyo., 361 P.2d 729, and cases cited.

There was substantial evidence before the trial judge, and we feel that he could have reasonably and fairly drawn from it the inference or conclusion that the acts complained of were against plaintiff's will and so detrimental to her health as to render the marital relationship intolerable. Inasmuch as the right to a divorce was claimed for indignities, however, and not for extreme cruelty, no finding with respect to impairment of health was essential. As stated in Mahoney v. Mahoney, 43 Wyo. 157, 299 P. 273, 274, "it has been held that, where the defendant is guilty of such indignities [as to render plaintiff's condition intolerable], impairment of health need not be shown."

It cannot be said in any event that the divorce was granted to plaintiff solely because of the evidence having to do with sexual behavior. Other testimony given by the plaintiff and her mother, if viewed in its most favorable light, would tend to show that plaintiff was not happy in her marital situation and had put up with it only on account of the boys. The defendant was described as one who never took his wife any place or did anything with her but sought only his own pleasures. The mother said he would never speak a kind word to plaintiff or put an arm around her and that he would scarcely talk; also that he treated her just like a piece of furniture or machinery. Plaintiff stated that when she would ask him a question he would pretend not to hear and that no matter what argument came up she was never right. She said that he would tell her where to spend every penny of money and that when she bought groceries he would always argue that she had been overcharged and tell her she didn't watch her money closely enough. For twelve years, she testified, defendant told her that she could leave.

■ The wife's testimony, which we must assume on appeal to be true, portrays the husband as a selfish and uncompromising individual. The parties were living in Michigan but the wife had been raised in Cheyenne. She said that she and the boys asked him if he would come here to live and he answered, "no, he never would." This discussion was coupled with evidence to the effect that the youngest son had asthma in Michigan but has not had an asthmatic attack since being out here, and according to plaintiff's point of view "asthma can hurt lungs and tears lungs apart." Then too, during the time parties lived together, plaintiff was told by her doctor that she could have no more children, which gave rise to a controversy as to whether plaintiff or defendant should have an operation so there would be no more children. Defendant refused to have such an operation letting plaintiff have it

instead and saying that the doctor had not told him he could have no more children. Plaintiff rationalized from this statement that maybe he intended to have children by another woman.

■ In Williams v. Williams, supra, recognition was given to the fact that it is impossible to lay down a general rule as to what constitutes such indignities as will justify a divorce, as this necessarily depends upon all the circumstances of the particular case. Ordinarily the offense is not predicated upon a single act but consists of a persistent or continuous course of conduct which has the ultimate effect of rendering cohabitation intolerable. Bridwell v. Bridwell, 217 Ark. 514, 231 S.W.2d 117; Phillips v. Phillips, Mo.App., 219 S. W.2d 249, Id., Mo.App., 233 S.W.2d 775; Monaco v. Monaco, 160 Pa.Super. 117, 50 A.2d 520; Annotation, 33 A.L.R.2d 1230, 1239; 17 Am.Jur., Divorce and Separation, § 192, pp. 386–387 (1958). As stated by this court in previous cases, some latitude for the exercise of discretion is permitted to the trial court in determining the sufficiency of grounds for divorce, and its finding will stand in the absence of abuse of discretion. Garman v. Garman, 59 Wyo. 1, 136 P.2d 517, 518; Mahoney v. Mahoney, supra.

■ Concerning the corroboration of plaintiff's testimony by her mother, the sufficiency of which has been questioned, said mother, as a witness for her daugther, testified that plaintiff was at one time blue and crying, and that she ended up telling her mother what her troubles were. These troubles, according to the witness, had to do with the sexual relations of plaintiff and defendant. On other subjects having to do with the defendant's course of conduct the mother was quite a substantial corroborating witness. Our only concern, in any case, is the sufficiency of the total evidence. It is not necessary to classify or distinguish between the plaintiff's own testimony and that which is corroborative, in view of the holdings in Steere v. Steere, 72 Wyo. 501, 267 P.2d 750, and Dawson v. Dawson, 62

Wyo. 519, 177 P.2d 200, to the effect that a divorce may be granted on plaintiff's uncorroborated testimony, if it clearly appears and the court is satisfied that the ground of divorce has been proven and no collusion exists. These cases are based upon the fact that our statutory requirement of corroboration, § 20–53, W.S.1957, relates only to the corroboration of declarations, confessions or admissions of the parties and not to testimony of the parties.

We are satisfied that in cases of this kind minds might well differ in the conclusions reached. Although a different trial judge may have arrived at a different result on the same evidence, we think the rule that the judgment of the lower court will not be disturbed in this court, when based on conflicting evidence, is particularly applicable. We realize that the plaintiff herself probably was not blameless. The defendant contends that her fault was such that he and not she should have been granted the divorce. However, inasmuch as the trial court found for the plaintiff on her allegations, it becomes unnecessary to resolve the issues raised by defendant's counterclaim.

The same rule and the same principles which compel our decision with respect to the granting of the divorce apply also with respect to the awarding of custody of the children. The evidence establishes, without contradiction from the defendant, that plaintiff has always cared for her sons and that they are well cared for. Also, it would appear that plaintiff has a sense of love for and devotion to the children. At the time of the trial, plaintiff was working at tending a bar in Colorado and was being assisted in the care of her children by a sister and her mother. The defendant suggests that while tending bar is a legitimate occupation, at least in the State of Colorado, the fact that she accepts such employment rather than another occupation bespeaks a fascination with or attraction to a kind of life which is not the best. We agree that this situation is a matter to be taken into consideration in determining what disposition of and provision for the children should be made. We have no reason to believe that it was not considered by the trial court, and we cannot say as a matter of law that it would be a complete barrier to receiving custody.

As an alternative to custody in the plaintiff, the defendant sought custody for himself, proposing that he would have the children cared for by his mother who was eighty-two years old at the time of the trial and who lived about six or seven miles from defendant's home. No doubt the court also gave consideration to the fact that this would necessitate returning the younger boy to Michigan where he previously suffered from asthma. In determining whether a change in custody should be ordered by this court at this time, consideration may be given to the fact that the older boy will be fourteen years of age in another six months, and the younger boy will be fourteen years of age in another eighteen months, at which age minors become entitled to nominate their own guardians, subject to the approval of the court or judge. Section 3–5, W.S.1957.

The controlling statute with respect to custody of children in divorce cases is § 20–61, W.S.1957, which provides that the court, in granting a divorce, may make such disposition of and provision for the children as shall appear *most expedient* under all the circumstances, and most for the present comfort and future well-being of such children. The district court's decision in this regard will not be disturbed on appeal in the absence of abuse of discretion or the violation of some legal principle. Baus v. Baus, 60 Wyo. 44, 145 P.2d 241; and Stirrett v. Stirrett, 35 Wyo. 206, 248 P. 1.

In the instant case, nothing in the record indicates an abuse of discretion and no violation of a legal principle has been called to our attention. Although the defendant contends that he has been the steadying influence in the family life here involved and that these children are boys whose trend of interest will more closely parallel the ac-

tivities of their father than those of their mother, we nevertheless conclude that we should not interfere with the findings and judgment of the district court concerning either the granting of the divorce or custody of the children.

The decree appealed from is affirmed.

Affirmed.