Ruth BRYDON, Appellant (Plaintiff below),

v.

John BRYDON, Appellee (Defendant below).

No. 3010.

Supreme Court of Wyoming.

Oct. 4, 1961.

Ferrall, Bloomfield, Osborn & Lynch and C. N. Bloomfield, Jr., Cheyenne, for appellant.

Hirst & Applegate, and Byron Hirst, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The only question presented on appeal in this case is whether the district court erred in denying a divorce to the plaintiff, Ruth Brydon, and in dismissing the divorce action at the close of her evidence. She contends that the motion to dismiss should not have been granted if there is in the trial record any substantial evidence that

the defendant was chargeable with any one of the three grounds for divorce asserted by her.

Whatever the better practice may have been prior to the adoption of the Wyoming Rules of Civil Procedure with respect to a motion to dismiss at the close of plaintiff's evidence, it is apparent that the matter is now settled by Rule 41(b) (1) of said rules. This rule provides:

" * * * After the plaintiff has completed the presentation of his evidence, the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * * "

The foregoing has been taken from and is identical to a corresponding portion of Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The sentence pertaining to an action tried by the court without a jury was added to the Federal rule by an amendment in 1946. In 5 Moore, Federal Practice, pp. 1045–1046 (2d ed.), it is pointed out that the amendment clearly adopts the better practice. In that regard the writer states:

" * * * Since the Rules were designed to expedite the trial of cases it is certainly within their purpose that the court should have the power to dispose of the case at the first opportunity, and it is entirely appropriate that the court have the power to weigh the evidence, consider the law, and find for the defendant at the close of plaintiff's case. * * * "

From a practical point of view, it is apparent that a trial judge in an action tried by the court without a jury should have the right to dispose of the case at the first opportunity. It is not to be assumed that the defendant will improve the plaintiff's case. In fact, the defendant could decline to offer any additional evidence at all, in which event the trial judge would still decide the matter on the basis of plaintiff's evidence.

In the case at bar, Mrs. Brydon seeks a divorce on the grounds of intolerable indignities, extreme cruelty and non-cohabitation by the parties for more than two consecutive years. Concerning her claim of indignities and cruelty in particular, we have previously said that some latitude for the exercise of discretion is permitted to the trial court in determining the sufficiency of grounds for divorce, and its findings will stand in the absence of abuse of discretion. See Gill v. Gill, Wyo., 363 P.2d 86, 88, and cases cited. We have no reason to believe that there was an abuse of discretion in this case.

Conceivably, the wife's testimony against her husband, if it could be separated from her own misconduct, might be considered sufficient to make a possible case for divorce on the grounds of indignities or cruelty. However, her equal guilt as disclosed by the evidence adduced was ample to bar her from a divorce in this state.

Section 20–55, W.S.1957, provides that no divorce shall be decreed in any case "where the party complaining shall be guilty of the same crime or misconduct charged against the defendant."

It is undisputed in the case and admitted by the plaintiff that she left the family home in Erie, Pennsylvania, with another man on September 4, 1957 and departed for Nevada intending to obtain a divorce. The plan was abandoned, and the plaintiff with her male companion, who also left his wife and family, returned to Erie and were publicly and openly in continuous company with each other. Quite a number of love letters were in evidence which had passed between plaintiff and her paramour and which showed that an intimate relationship existed between them for a long period of time.

Because of this relationship and plaintiff's conduct, a court in Pennsylvania had

taken the custody of the Brydons' two children from Mrs. Brydon and awarded it to their father, Mr. Brydon, with specific provision that the mother was not to have a right of visitation with the children as long as her then-existing conduct continued. On the witness stand in the instant case plaintiff continued to insist, "I am still in love with Mr. Meyer," who was the other man in question.

The fact that such conduct on the part of plaintiff, practiced openly, publicly and continually, would constitute intolerable indignities and extreme cruelty to her husband is so apparent that it deserves no further consideration. See Boschetto v. Boschetto, 80 Wyo. 374, 343 P.2d 503; Mahoney v. Mahoney, 43 Wyo. 157, 299 P. 273.

█ Regarding the claim that the husband and wife in this case had lived apart for two consecutive years without cohabitation, § 20–47, W.S.1957, specifies clearly that a divorce is not to be granted on this ground "if such separation has been induced or justified by cause chargeable in whole or material part to the party seeking divorce upon such grounds."

The plaintiff herself relates that she left the defendant and their family home April 11, 1957 to go to Nevada for a divorce, accompanied by Mr. Meyer. Upon abandonment of the plan, she returned to Erie, Pennsylvania, and stayed at her parents'

home for five or six weeks. She then moved to an apartment in Erie and subsequently to Cheyenne, Wyoming, on September 30, 1959. The complaint for divorce was filed December 9, 1959. All of this was admittedly a result of the plaintiff's own choosing.

That the *separation* during that period of time was *induced* by plaintiff is a conclusion which the trial judge would have been justified in making from the evidence before him. Even if the husband had left the wife under the circumstances of this case, where her conduct was as it was, and if the trial judge in that event had concluded that the *separation* was *justified* by cause chargeable in whole or material part to the wife, we would not be able to call it error. Jegendorf v. Jegendorf, 61 Wyo. 277, 157 P.2d 280, 282. See also Stinson v. Stinson, 70 Wyo. 351, 250 P.2d 83; and Dawson v. Dawson, 62 Wyo. 519, 177 P.2d 200.

As was said in the Jegendorf case, the "cause" which will bar divorce for non-cohabitation under § 20–47 must be left to the determination of the trial court in the exercise of a sound discretion.

It follows that the dismissal of plaintiff's case and the denial of her petition for divorce should be affirmed.

Affirmed.