KRAMER *v.* KRAMER.

1. DIVORCE—EXTREME CRUELTY—UNCLEAN HANDS—EVIDENCE.

Divorce on ground of extreme and repeated cruelty *held,* properly granted plaintiff wife under record presented which showed that defendant repeatedly inflicted physical abuse on plaintiff which affected health and welfare of the plaintiff and her children, defendant's general denial and attack on plaintiff's credibility were not convincing, and defendant's claim as to plaintiff's unclean hands had to do with her handling of money matters, in which she was clearly quite qualified.

2. SAME—DE NOVO REVIEW—TRIAL COURT'S FINDINGS.

Court of Appeals reviews divorce cases *de novo,* but trial court's findings must be given special considerations since they ·are based so largely on credibility of the witnesses.

3. SAME—DIVISION OF PROPERTY—TENTATIVE NEGOTIATIONS.

Trial court was not bound to incorporate without change provisions of tentative property settlement into divorce judgment where plaintiff's own counsel made clear that provisions were "tentative", essential elements were left undetermined, and negotiations had not reached finality required for binding contract or judicial pronouncement.

4. SAME—DIVISION OF PROPERTY.

Division of property by trial court which gave recognition to fact that plaintiff wife brought substantial assets to a marriage and in which, dividing balance equally, did not ignore considerations stated in tentative negotiations *held,* not an abuse of discretion.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 32 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 337.
[3] 24 Am Jur 2d, Divorce and Separation § 906.
[4] 24 Am Jur 2d, Divorce and Separation §§ 929, 930, 933.
[5] 5 Am Jur 2d, Appeal and Error § 1014.

5. COSTS—DIVORCE—NEITHER PARTY PREVAILING IN FULL.

  No costs are allowed on appeal in action for divorce where both parties sought review and neither party has prevailed in full.

Appeal from Macomb; Carroll (Howard R.), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 3,760.)   Decided May 28, 1968.

Complaint by Mary S. Kramer against Lewis P. Kramer for divorce on grounds of extreme and repeated cruelty.  Judgment for plaintiff and property settlement.  Defendant appeals judgment of divorce. Plaintiff cross-appeals property settlement provisions.  Affirmed.

*George J. Freeman,* for plaintiff.

*Samuel H. Rubin,* for defendant.

A. C. MILLER, J.   Plaintiff wife was granted a divorce May 9, 1967, after a contested hearing devoted to the existence of grounds and property division.  The grant of custody of the children to the mother was not an issue.  The parties were the only witnesses.  When the matter was first set down for trial a "tentative" property settlement was put on the record in open court.  Both parties agreed, were present and were represented by counsel.  The hearing concluded by the court announcing that the parties should present an "approved judgment".  None was presented and the matter was again scheduled for trial and a trial was held over plaintiff's objection.  This resulted in judgment for plaintiff with a modified property settlement.  Both parties appealed.

Defendant challenged the court's action on the ground that the evidence did not support the finding

of extreme and repeated cruelty and that plaintiff did not come into court with clean hands. Plaintiff's cross-appeal asserted that the original property settlement should have been incorporated in the divorce judgment without change.

It appears that the defendant married the boss's daughter and now complains of her matriarchal tendencies. The trial judge found that she was domineering, but that this did not justify the repeated physical abuse inflicted by defendant husband which affected the health and welfare of both plaintiff and children. The court's opinion states:

"Brutality is brutality whether by action or reaction."

The principal claim as to unclean hands pertained to her handling of money matters in which she was clearly quite qualified.

There was ample testimony to support the findings. The critical excerpts of testimony are as follows:

"A. All right. He would yell, scream at me, hit me, choke me and naturally if the kids were sleeping they would wake up and hear all this and see all this.

"Q. Did they come down?

"A. They would come down from their bedrooms and cry and tell him, 'Please, daddy, leave mommy alone.'

"Q. Did that happen once?

"A. Oh, many times. * * *

"Q. On how many occasions would you say in the last year before this divorce was filed did he abuse you?

"A. Five or six times. * * *

"Q. What was involved in that?

"A. Well, he hit the oldest girl because she told him to leave me alone, he told her to keep her mouth shut and he struck her.

"*Q.* Has it ever been necessary for you to get immediate attention following these beatings?

"*A.* Yes, it has."

Defendant's general denial is not persuasive and counsel's efforts to attack plaintiff's credibility did not convince the trial court and are even less convincing on a review of the transcript. Special consideration is accorded the trial court's findings:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo*, especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances." *Chubb* v. *Chubb* (1941), 297 Mich 501, 506, cited with approval in *Fish* v. *Fish* (1966), 4 Mich App 104, 107.

There is no reason to disturb the trial court's finding.

The challenge of the cross-appeal is likewise defective. Not only did plaintiff's counsel preface his outline of the property settlement with the label "tentative," but essential elements were undetermined. He concluded:

"So that the determination as to the valuation of the property and who is to get what property is being left undetermined at the moment, and we would hope to use the services of the court within a one-week period to discuss and resolve this problem."

The negotiations had not reached the stage of finality required for a binding contract or judicial pronouncement. This was the substance of the trial court's ruling when he set it down for trial.

. The division of property made by the court gave recognition to the fact that plaintiff wife brought substantial assets to the marriage and divided the balance equally. It did not ignore considerations stated in the tentative negotiations. It was a just settlement.

"The rule is well settled that the division of property in a divorce suit is not covered by rigid rules and this Court will not substitute its judgment as to division in the absence of a clear showing of abuse of discretion." *Wojcik* v. *Wojcik* (1965), 375 Mich 616, 618.

Affirmed. No costs, neither party prevailing in full.

McGREGOR, P. J., and J. H. GILLIS, J., concurred.