SNYDER v SNYDER

1. CONTINUANCE—UNAVAILABILITY OF EVIDENCE—DILIGENCE.

The trial court did not err in denying plaintiff's request for a continuance due to the unavailability of evidence where plaintiff had made no diligent effort to insure production of the evidence (GCR 1963, 503.2).

2. DIVORCE—APPEAL AND ERROR—DISCRETION.

An appellate court hears a divorce action *de novo* on review, but will not substitute its judgment for that of the trial court absent a showing of abuse of discretion since the trial court has the unique opportunity to observe and determine the credibility of witnesses.

3. DIVORCE—PROPERTY AWARD—APPEAL AND ERROR.

An appellate court will not modify or reverse the trial court's property award unless convinced that a different result would have been reached had the appellate court occupied the position of the trial court.

4. DIVORCE—PROPERTY AWARD—AWARD TO CHILDREN—JURISDICTION.

That portion of a divorce decree which allocates property to a child of the litigants is void because the jurisdiction of a trial court in divorce proceedings is strictly statutory and no provision is made for an award of property directly to children.

5. DIVORCE—ATTORNEY FEES—DISCRETION.

A trial court, having granted a divorce decree to the defendant, did not abuse its discretion in refusing to award additional attorney fees to the plaintiff in a case where the plaintiff had had several lawyers represent her and the fee awarded was to

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 689.
[2] 5 Am Jur 2d, Appeal and Error § 853.
[3] 24 Am Jur 2d, Divorce and Separation § 941.
[4] 24 Am Jur 2d, Divorce and Separation § 931.
[5] 24 Am Jur 2d, Divorce and Separation §§ 571–599.
[6] 5 Am Jur 2d, Appeal and Error § 545.

one other than the lawyer who ultimately represented her at trial and on appeal.

6. Divorce—Alimony—Child Support—Arrearages—Preserving Question.

An issue as to arrearages in payment of temporary alimony and child support, raised for the first time at a hearing on a motion to amend the trial court's judgment in a divorce action, is not properly before the appellate court absent a showing of manifest injustice in the trial court's ruling on the issue.

Appeal from Washtenaw, Harold Van Domelen, J. Submitted Division 2 May 11, 1972, at Lansing. (Docket No. 12519.) Decided August 30, 1972.

Complaint by Candace Snyder against Richard D. Snyder for separate maintenance. Defendant counterclaimed for divorce. Judgment for defendant. Plaintiff appeals. Remanded with instructions.

*Burgoyne & Woods,* for plaintiff.

*Crippen, Dever, Urquhart & Cmejrek,* for defendant.

Before: J. H. Gillis, P. J., and T. M. Burns and Targonski,* JJ.

T. M. Burns, J. Plaintiff wife commenced this action for separate maintenance pursuant to MCLA 552.301; MSA 25.211 and MCLA 552.302; MSA 25.212 on grounds of extreme cruelty on January 22, 1969. Defendant filed an answer on May 9, 1969, and at the same time filed a counterclaim for divorce on grounds of extreme and repeated cruelty. Various proceedings were had in court, and both parties changed lawyers. Trial was

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

initially set for October 29, 1969, and proceedings were had on that date but were ultimately dismissed.

On November 9, 1970, plaintiff's present attorney filed her appearance and filed an answer to the counterclaim for divorce alleging in addition to the usual admissions and denials the affirmative defense of recrimination. On January 29, 1971, a second trial was had and the court found that defendant was entitled to divorce. Judgment of divorce pursuant to this finding was entered on April 30, 1971. Plaintiff filed a motion to set aside judgment, motion to amend judgment, and motion for a new trial on May 7, 1971. Plaintiff's motions were denied by order of the court dated August 16, 1971. Plaintiff appeals.

At trial, plaintiff attempted to secure testimony as to the financial condition of Snyder Construction Co., a closely held family corporation which defendant managed and in which he held 5% of the stock ownership. Records indicating the state of company finances through March 31, 1970, were available to plaintiff but plaintiff requested production of company records indicating the financial status of the company for the period after March 31, 1970. Plaintiff indicated that a subpoena had been prepared asking for production of these records but apparently the subpoena never reached defendant. Subsequently, the court elicited testimony to the effect that the subpoena mentioned had only been placed in the hands of the sheriff on the day before trial. In denying plaintiff's motion for a continuance, the court stated:

"The plaintiff has known for several weeks that this case was going to be heard this week. They would have had an opportunity to examine the books if they had so desired, if they had made proper preparation for it.

"These books that you are seeking to examine are

books of a corporation in which the defendant has only a five percent interest. He is employed as a manager of that corporation. The court will ask him to answer any questions that you have about his total income, personally, and his total wages or any other pertinent information, but the court is not in any way, shape, or manner going to continue this case. This is the third attorney that has been in this case. It has been continuance after continuance after continuance, and there comes a time when the matter must be settled and this case is going to be tried, completely from hereon through, without any continuance of any kind."

GCR 1963, 503 states:

".1 Policy. It is the policy of this rule to encourage the diligent preparation and trial of cases. Continuance for any cause shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of the fault or negligence of the moving party and the court finds that substantial justice more nearly will be obtained.

".2 Absence of Witness or Evidence. A motion to postpone or continue a trial due to the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts. A continuance shall be granted on the ground only if the court finds that the evidence is material and that diligent efforts have been made to secure the witness or evidence. If the testimony or the evidence would be admissible upon the trial, and the adverse party stipulates in writing or on the record that it shall be considered as actually given on the trial, there shall be no postponement or continuance unless the court, in the furtherance of justice, deems a continuance necessary."

It is apparent from review of pertinent facts that plaintiff did not place defendant upon notice prior to the day of trial that plaintiff desired the production of certain business records in the possession of defendant. Defendant made an effort to produce these records on short notice, but the

records were unavailable. Since the defendant held only a five percent stock interest in the company, it is evident that no great injustice was done to plaintiff by the fact that these records were not produced. Since plaintiff made no diligent effort to insure the production of the requested evidence at trial, the trial court was fully justified in denying plaintiff's request for a continuance. Plaintiff's contention is without merit.

Plaintiff next contends that the trial court's decision in granting defendant a divorce and in determining the amount of alimony and child support due plaintiff and her daughter is against the great weight of the evidence. Testimony as to cruelty on the part of plaintiff wife was given at trial by defendant who stated that he had been in court a number of times in recent years at his wife's behest. His wife had attacked him with scissors and a knife and threw things at him. She also forged his name on checks, and on one occasion took their child to Mexico without informing him of that fact. Testimony as to cruelty on the part of defendant husband was given by plaintiff who stated that her husband was continually physically and verbally abusive to her in the presence of their daughter. The trial court ultimately determined that defendant was entitled to the divorce.

While a divorce action is equitable in nature and subject to *de novo* review, the appellate court nevertheless gives great weight to the trial court's finding of fact. *Hutchins v Hutchins,* 36 Mich App 675 (1971). For this reason it has been said that this Court will not substitute its judgment for that of the trial court unless there is a showing of an abuse of discretion. *Schaffer v Schaffer,* 37 Mich App 711 (1972). One of the reasons deference is shown to the findings of the trial court is the

unique opportunity for the trial court to observe
and determine the credibility of witnesses. *Kramer
v Kramer,* 11 Mich App 478 (1968). It is evident
that in the present case the trial court did not find
plaintiff a credible witness. Credibility is a factor
which the trial court alone may determine. Given
conflicting testimony such as that present in the
case at bar, credibility was a crucial factor. It is,
therefore, our opinion that the trial court's ruling
does not amount to an abuse of discretion.

Plaintiff next complains that the amount of
child support and alimony awarded by the court
was inadequate because the court award was not
in accord with the evidence as to defendant's
financial condition and did not take into considera-
tion the current living standard of plaintiff and
her daughter. Proofs as to the earnings and assets
of the parties were as follows: Defendant testified
that he drew a $15,600 salary from Snyder Con-
struction Company, Inc., a family corporation in
which he held a 5% stock interest and of which he
was manager; defendant had borrowed some $5,-
000 from the company and other sources to pay off
current family obligations; Snyder Construction
Company, Inc., grossed $400,000 in the last fiscal
year and enjoyed a $13,000 profit, defendant being
entitled to five percent thereof; the parties had
$16,000 to $18,000 in equity in the family home
which was valued at $40,000 to $50,000; defend-
ant's business expenses in entertainment, *etc.,*
were paid by the company. Plaintiff gave testi-
mony which indicated that the level of defendant's
expenditures with respect to herself and her child
after the parties' separation were upwards of $11,-
500 a year.

The trial court's judgment in this case distrib-
uted the property of the parties as follows:

*Plaintiff (W)*

House payments of $250 a month made for a year by defendant;

real estate taxes and insurance on home paid for one year by defendant;

the current equity in the home ($16,000 to $18,000).

*Child (Age 11)*

Payment of extraordinary medical expenses by defendant;

beneficiary of $50,000 life insurance policy held on defendant's life;

5% stock interest in the company.

*Defendant (H)*

Interest of no value in Midwest Grouting Company.

Defendant was required to pay plaintiff $35 a week alimony for one year and $55 a week support until age 18 to his daughter.

This Court will not modify or reverse a circuit court property award unless it is convinced that a different result would have been reached if the Court occupied the position of the trial court. *Hutchins v Hutchins, supra.* Our review of the record indicates that the trial court was in error in so far as it directly allocated property to the child.

In *Rex v Rex,* 331 Mich 399, 409 (1951), a divorce decree required the plaintiff to form trusts for the benefit of his three children, two of whom were over 21 years of age and one of whom was approaching majority. The Michigan Supreme Court in holding these provisions invalid stated:

"All of said provisions in the decree requiring the setting up of trusts for appellant's property are illegal and void and must be deleted. The jurisdiction of the court in divorce cases is circumscribed by statute and there is no such authority vested in the court in granting a divorce as has been thus attempted.

"Jurisdiction in divorce proceedings is strictly statutory. The court cannot decree payment direct to children upon their reaching majority, or even during minority, or create a lien for such payment. We have held that provisions in a divorce decree, even by consent, providing payment of a sum to the wife's mother and sums to the children at majority, are void."

See also *Maslen v Anderson,* 163 Mich 477 (1910); 1 Moore & Moore, Michigan Practice, Marriage, Divorce & Separation (2d ed), § 1279, pp 437–438.

Likewise in the instant case, those portions of the trial court's judgment which allocate property to the child of the litigants herein are illegal, void, and must be expunged.

Plaintiff also contends that it was an abuse of discretion for the trial court to deny plaintiff's attorney fees accrued as a result of the January 29, 1971, trial and the June 25, 1971, hearing. Several attorneys represented the wife in these divorce proceedings. The trial court awarded a sum of $395 to an attorney other than the attorney who ultimately represented plaintiff at trial and on this appeal. Plaintiff seeks additional attorney fees. The awarding of attorney's fees is committed to the discretion of the trial court. *Ross v Ross,* 24 Mich App 19 (1970). The trial court ultimately awarded a divorce to defendant. In view of this fact, it is the opinion of this Court that it cannot be said that the trial court abused its discretion in refusing to award additional attorney fees to plaintiff.

Plaintiff finally contends that the trial court erred in refusing to order a hearing for purposes of considering whether defendant owed $1,500 in arrearages for temporary alimony and child support at the time of the trial. The question of arrearages regarding the temporary alimony and

custody payments was never raised at the trial in this case. The issue was raised for the first time at a hearing on plaintiff's motion to amend the trial court's judgment. Therefore, the issue is not properly before this Court since we find no manifest injustice in the trial court's ruling.

The case is, therefore, remanded to the trial court for further proceedings consistent with this opinion.

All concurred.