Esther J. PINER, Appellant
(Defendant below),

v.

Norman R. PINER, Appellee
(Plaintiff below).

No. 4190.

Supreme Court of Wyoming.

June 26, 1973.

Joe R. Wilmetti, Rock Springs, for appellant.

Lawrence A. Marty, of Marty & Clark, Green River, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Esther J. Piner (wife) sued her husband, Norman R. Piner, for separate mainte-

nance. The husband then sued for divorce and the cases were consolidated for trial. After trial, a decree of divorce was granted to the husband on his petition therefor and separate maintenance, as prayed for by the wife, was denied. The wife has appealed.

Claims on appeal are (1) that the husband's evidence was insufficient to establish grounds for divorce; and (2) that the divorce should have been denied on account of "equal" fault. As we view the evidence, the trial court was justified in its finding of grounds for a divorce and in its finding that fault on the part of the husband was not such as to defeat his divorce.

### The Grounds

Appellant concedes the evidence shows that the wife fought with her husband; and that such fights became physically violent. She argues, however, that the cause of the fights was the husband's extra-marital activities. Appellant then asks, "Does fighting back on the part of a wife by arguing and even physically fighting in an attempt to stop a husband from carrying on an affair with other women constitute an indignity against the husband by the wife?"

■ If appellant's attorney would pause to reflect on this question, he would realize it is primarily one for the trial court, to be decided according to the circumstances of the particular case. And, of course, the appellate court must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it.

The case is quite similar to the one which was involved in Steere v. Steere, 72 Wyo. 501, 267 P.2d 750, 753. In that case,

as in this one, it was contended the testimony was insufficient to sustain the charge of indignities. The court pointed out that it would serve no good purpose to review the evidence; that it was conflicting; and that the husband's testimony was not inherently improbable. There was said to be ample testimony in the case to show that the husband was very much troubled by reason of the conduct of the wife.

■ In this case the evidence shows the wife was continually harrassing her husband with accusations of infidelity; that she was spying on him and attacking him violently in public with actual physical injury; and that the wife's embitterment toward her husband reached the point that she sued for separate maintenance. The trial court would have had no difficulty in believing the wife's conduct caused the husband embarrassment and humiliation and generally rendered his condition of marriage intolerable.

As far as the husband's grounds for divorce are concerned, they were amply proved and we will not disturb the findings of the trial court in that regard.

### Equal Fault

Our statutory directive relative to recrimination is in § 20–55, W.S.1957. It provides:

"No divorce shall be decreed in any case where * * * the party complaining shall be guilty of the same crime or misconduct charged against the defendant."

■ There are several principles to have in mind as we consider the matter of equal guilt. One of those principles is an awareness that our statutory directive is to trial judges. It specifies a situation under which no divorce "shall be decreed." Whether that situation prevails or not is of course for the trial judge to decide. If there is a reasonable basis for his determination, it must not be disturbed.[1]

---

1. Boschetto v. Boschetto, 80 Wyo. 374, 343 P.2d 503, 506; Clauss v. Clauss, Wyo., 459 P.2d 369, 374; Brydon v. Brydon, Wyo., 365 P.2d 55, 56; Widmer v. Widmer, Ind., 292 N.E.2d 849, 851–852; Snyder v. Snyder, 42 Mich.App. 573, 202 N.W.2d 504, 507.

■ Also, § 20–55 has to do with "the same crime or misconduct" charged against the defendant. In this case the husband has charged no crime against the wife, and the court was justified in finding no crime was proved against the husband. Concerning the same misconduct, it is apparent a matter of degree or extent of guilt is involved. If fault is great on one side and slight on the other side, it can hardly be said the misconduct is "the same."

■ It is not necessary for a complainant to be entirely blameless in order to be entitled to a divorce. Boschetto v. Boschetto, Wyo., 343 P.2d 503, 505. In the *Boschetto* opinion our court agreed the complainant was probably not altogether above reproach. That is seldom true, the court said, and recognition was given to the fact that the wrecking of a marriage is almost always due to fault on both sides.

Since the district court in this instance granted a divorce to the husband, it must have believed sufficient recrimination did not exist for denial of a decree. We are aware that in some jurisdictions the courts have even gone so far as to hold, if just any degree of recrimination would bar a divorce, it would be a degradation of marriage and a frustration of its purposes, for then the courts would be using recrimination as a device of punishment. Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648, 650; C. v. C., 54 N.J. 223, 254 A.2d 778, 780.

The opinion in Barton v. Barton, 230 Cal.App.2d 43, 40 Cal.Rptr. 676, 678, adopts the following principle:

"Since the family is the core of our society, the law seeks to foster and preserve marriage. But when a marriage has failed and the family has ceased to be a unit, the purposes of family life are no longer served and divorce will be permitted."

The appellate court, in the *Barton* case, held there was no abuse of discretion in the trial court's determination that the marriage there involved was irretrievably wrecked; nor in its determination that the wife's extreme cruelty was a cause thereof, which cruelty was not altogether provoked by the husband's adulterous conduct.

The supreme court of New Jersey, in C. v. C., 54 N.J. 223, 254 A.2d 778, 780, apparently deemed it necessary to initiate a change in the established doctrine of recrimination in an attempt to bring the law into focus with modern society. In view of Wyoming's express legislative directive under § 20–55, however, we are not prepared to do away with the doctrine of recrimination nor to restrict any of the language contained in § 20–55.

We do nevertheless adhere to the holding in Boschetto v. Boschetto, Wyo., 343 P.2d 503, 505, to the effect that it is not necessary for a complainant to be entirely blameless in order to be entitled to a divorce. Here the wife's testimony concerning infidelity of the husband is for the most part uncorroborated. More than once the wife sought to support her testimony in that regard with a claim that her husband admitted such conduct to her. At the trial, the husband testified he made admissions only to get his wife "off my back"; and that he had not committed any of the alleged acts of infidelity. He concluded his testimony with a clear and unequivocal declaration that he had never had intercourse with another woman.

■ As we view the record, the testimony of the husband is not unreasonable nor unbelievable under the circumstances of this case; and we cannot say the findings of the trial court were without sufficient foundation. It is true the husband answered an interrogatory to the effect that he did in fact keep company with another woman. Also, he testified to the giving of gifts to another woman.

In the light of our discussion on the matter of equal guilt, we must conclude it was for the trial court to determine whether the husband was guilty of the same misconduct charged against his wife—to such extent as to defeat his petition for divorce.

We hold the evidence was such that the court was justified in its findings. We therefore will not pretend to substitute our judgment on the matter.

Affirmed.