**Gerald D. EISENBARTH, Appellant (Defendant below),**

v.

**Jeanette A. EISENBARTH, Appellee (Plaintiff below).**

**No. 4556.**

Supreme Court of Wyoming.

April 20, 1976.

Donald E. Jones of Jones & Rogers, Torrington, for appellant.

No appearance for appellee.

Before GUTHRIE, C. J., and Mc-CLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

This is an appeal from a judgment and decree granting a divorce to Jeanette A. Eisenbarth from the appellant, Gerald D. Eisenbarth.

This is a most simple case. Plaintiff based her claim for divorce upon the ground of intolerable indignities. Defendant denied this and pleaded that plaintiff was guilty of the same misconduct. After a trial the court made the following finding in its decree:

> "THE COURT FURTHER FINDS that Plaintiff is guilty of the greater indignity than that found against Defendant and finds that if the Defendant is so inclined to Amend his Answers as to Counter-Claim for divorce that the Court would grant the divorce to the Defendant."

but in face of such finding entered the following judgment:

> "That the bonds of matrimony heretofore existing between Jeanette A. Eisenbarth and Gerald D. Eisenbarth, be, and they are hereby forever dissolved, and

since Defendant has not amended his answer to Counter-Claim for divorce, that the Plaintiff be, and she is hereby granted an absolute Decree of divorce from the Defendant."

This judgment and decree simply cannot stand in face of § 20–55, W.S.1957, which provides:

"No divorce shalll be decreed in any case where * * * the party complaining shall be guilty of the same crime or misconduct charged against the defendant."

This plain statutory language requires us to reverse the judgment. Additionally, this court has recognized that where the parties are guilty of equal fault, neither is entitled to a divorce, *Logan v. Logan,* Wyo., 396 P.2d 198, 199; and this was earlier articulated in the case of *Brydon v. Brydon,* Wyo., 365 P.2d 55, 56. In *Piner v. Piner,* Wyo., 511 P.2d 94, 96, the court again recognized the binding force of this statute, although holding if fault were "slight" it would not prevent the granting of a divorce.

To affirm this judgment this court would be forced to engage in judicial repeal of § 20–55 and to modify or reverse the above-mentioned cases. This we must not do, and we call attention to the lesson in Piner and Logan, that the legislature is the forum which should be addressed if it is deemed socially desirable to effect the far-reaching change of statutory law necessary to sustain this judgment.

The judgment is therefore reversed and the case dismissed.